## ADVANCE ELEVATOR AND WAREHOUSE CO.
### v.
## WILLIAM EDDY ET AL.

1. EVIDENCE TO SUSTAIN VERDICT.—Great presumptions will ordinarily be indulged in favor of the verdict of a jury, and where there is slight evidence in support of an allegation, if there is no conflicting testimony the verdict will be sustained; but where there is a total absence of testimony upon a material point, the judgment must be reversed.

2. ADMISSIONS—RECORD.—Where, upon a trial, parties by counsel admit or concede, without proof, that any material averment is true for the purposes of the trial, it is unnecessary to make proof upon the point so conceded; but in such case the admission should appear in the record, and should properly be incorporated in the bill of exceptions.

APPEAL from the City Court of East St. Louis; the Hon. WM. P. LAUNTZ, Judge, presiding. Opinion filed April 6, 1885.

Messrs. FLANNIGEN & CANBY, for appellant.

Mr. W. H. BENNETT, for appellees.

WALL, J. This was an action of trespass on the case brought by the appellees, John Eddy and William Eddy, against the appellant, The Advance Elevator and Warehouse Company. The declaration averred that the plaintiffs were the owners in fee simple, and occupiers of lot No. 6, block No. 1, etc., in East St. Louis, upon which was a large frame building occupied by the plaintiffs, and that defendant was possessed of, and using a railroad track extending alongside of plaintiffs' premises, upon which it was operating engines and cars for the transportation of grain, etc., and that by the negligence of the servants of defendant, an engine and car so in use were driven from the track and against the house of plaintiffs, producing great damage, etc.

The case was tried by jury resulting in a verdict and judgment in favor of plaintiffs for six hundred dollars.

The record is brought to this court by appeal and it is urged among other alleged grounds of error, that there is no evidence tending to show that the injury complained of was caused in the manner alleged in the declaration by the defendant, its agents or servants, nor is there sufficient evidence that William Eddy had any interest as alleged in the property so alleged to have been injured. We have examined not only the abstracts furnished by both sides, but the record itself with great care, and we are forced to the conclusion that this point is well taken. Great presumptions will ordinarily be indulged in favor of the verdict of a jury, and where there is slight evidence in support of an allegation, if there is no conflicting testimony the verdict will be sustained; but where there is a total absence of testimony upon a material point the judgment must be reversed.

Counsel for appellee in his brief, says, there was an admission by the attorney of appellant in his statement to the jury sufficient to cover and include the missing proof, as to the point that the injury was caused by the defendant. When, upon a trial, parties by counsel admit or concede, without proof, that any material averment is true for the purposes of the trial, it is of course unnecessary to make proof upon the point so conceded; but in such case, the admission should appear in the record,

and should be properly incorporated in the bill of exceptions. In the present case, the bill of exceptions purports to contain all the evidence, and there is nothing to show any such admission as counsel refer to. We are powerless to add to the bill of exceptions by accepting this statement of counsel, although it may be true. If such be the case, it is the misfortune of appellee that the bill of exceptions does not contain all it should.

It is not, however, insisted that there was any concession with regard to the joint interest of Wm. Eddy in the building which was injured.

The evidence not only fails to show that he had any such interest in it, but strongly tends to the opposite conclusion.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.