Estate of Mallory v. B. & M. R. Rld. Co.

*In the matter of the Estate of* E. B. MALLORY, *deceased,* v. THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA.

1. NONRESIDENT DECEDENT — *Jurisdiction — Letters of Administration.* Where a person dies intestate, who was not a resident or inhabitant of the state at the time of his death, and who left no estate within the state to be administered, a probate court of the state has no jurisdiction to issue letters of administration on the estate of such intestate; and where letters are issued, the acts of the court in doing so are utterly null and void.

2. VOID LETTERS, *Revocation of.* Letters so issued without authority may be set aside by the court in which they are issued upon its own motion, or such action may be taken at the instance of anyone interested in the administration; and where an action has been brought by the administrator against a railroad company to recover damages for an injury alleged to have caused the death of the intestate, the company has sufficient interest to make it a competent party to institute proceedings for a revocation of the letters of administration.

3. APPEAL — *Bond.* Where letters of administration are issued without jurisdiction, and the probate court, upon a hearing, determines and orders that they be declared null and void, the person illegally appointed as administratrix is not entitled to appeal from such an order without giving the appeal bond required from ordinary appellants.

*Error from Atchison District Court.*

APPLICATION by *The Burlington & Missouri River Railroad Company in Nebraska* for the revocation of letters of administration issued to Fannie Mallory, on the estate of E. B. Mallory, deceased. From an order revoking such letters, said Fannie Mallory, administratrix, brings error.

*Geo. H. Roberts,* for plaintiff in error.

*W. W. & W. F. Guthrie,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The district court of Atchison county dismissed an appeal from an order of the probate court of the same county revoking letters of administration which had

been previously granted to Fannie Mallory, as administratrix of the estate of E. B. Mallory, deceased, and a review of this ruling is sought.   It appears that, after her appointment as administratrix, she brought an action against the Burlington & Missouri River Railroad Company in Nebraska to recover damages for the injury of Mallory, through the alleged negligence of the employés of the railroad company.   At the suggestion and upon application of the railroad company, a hearing was had before the probate court in regard to whether any grounds éxisted for administration, and as to the validity of the letters which had been issued.   Both parties appeared, and, upon the testimony submitted, the court found that the decedent was not a resident or inhabitant of Kansas at the time of his decease, nor did he die intestate in any other state or country than the state of Kansas leaving any estate to be administered within the state of Kansas, nor especially any estate to be administered within the county of Atchison, nor was there any such estate to be administered in the state of Kansas or county of Atchison.   The conclusion was, that the letters were issued without jurisdiction, and that such letters and the administration proceedings thereon, including the appointment and qualification of Fannie Mallory as administratrix, were without jurisdiction in that court, and were null and void. ' An appeal was attempted to be taken to the district court by Fannie Mallory, after which the railroad company appeared there, and moved to dismiss the appeal, on the insufficiency of the affidavit for appeal, the failure to give an appeal bond, and other grounds which need no mention.

The facts found by the probate court make it clear that it had no jurisdiction to issue letters of administration, and it ruled correctly in holding that its action in that respect was void for all purposes. (*Perry v. St. J. & W. Rld. Co.*, 29 Kas. 420.)   As the right of Fannie Mallory to maintain an action against the railroad company was based upon the letters of administration, it was proper for the company to inquire into the

1. Nonresident
decedent—
jurisdiction
—letters of administration.

authority upon which she acted.  If the probate
court had no jurisdiction, and the letters were
void, they conferred no power upon her to prose-
cute such an action, and recovery by her would not bar a
subsequent suit by a legal administrator upon the same cause
of action.  It has been held that, where letters of administra-
tion have been issued without authority, the court in which
they were issued may, upon its own motion, institute proceed-
ings to set them aside, or it may be done by anyone interested
in anywise in the estate, or upon suggestion of an *amicus
curiæ.*  (*Railroad Co. v. Swayne's Adm'r,* 26 Ind. 477; Woer-
ner, Adm'n, § 268.)

The affidavit for appeal is defective, but the principal and
a sufficient ground for the order of the district court dismiss-
ing the appeal was the omission of the appellant to give an
appeal bond.  Under the statute, every appellant is required
to file in the probate court a bond in such sum and with se-
curity as may be fixed and approved by the probate court,
conditioned that he will prosecute the appeal, and pay all
sums, damages and costs that may be adjudged against him.
The only exception to this rule is, that no executor or admin-
istrator is required to enter into bond to entitle him to ap-
peal.  (Gen. Stat. of 1889, ¶ 2977; Civil Code, § 577.)  The
only excuse given for the failure to give an appeal bond is
the claim that the appeal was taken by the administratrix,
and therefore that she was exempt from that requirement.
The difficulty in sustaining that claim is, that her appoint-
ment and everything pertaining to the administration were
utterly invalid.  The probate court had no jurisdiction to
grant letters of administration, nor to confer authority upon
her, and, at the time when the attempt was made to take an
appeal, the letters had been recalled and an order and decree
entered declaring the administration and all the proceedings
connected with the same null and void.  In attempting to
appeal, she was not acting as the representative of the estate,
but was merely endeavoring to obtain a personal advantage.
Not being an administratrix, it was absolutely necessary that

3. Appeal — bond. a bond should be given before an appeal could be taken, and her failure to give one is a sufficient justification for the ruling of the court in dismissing the appeal. Its judgment will be affirmed.

All the Justices concurring.