JOSEPH D. RADFORD, RESPONDENT, *v.* S. I. GASKILL, ET AL., APPELLANTS.

[Submitted October 27, 1897. Decided November 15, 1897.]

*Amended Complaint — Default — Waiver — Administrator — Estoppel.*

1. AMENDED COMPLAINT—*Default—Waiver.*—A defendant who consents to the filing of an amended complaint, waives his right to a default for plaintiff's failure to reply to the answer to the original complaint.

2. WHERE one has been appointed administrator of an estate, and receives a mortgage belonging to such estate, and he is afterwards induced to surrender it, and accept in lieu thereof a mortgage on other property, *held*, that, notwithstanding the subsequent revocation of his appointment for want of jurisdiction, the party so inducing him was estopped to deny the authority of the administrator to receive the later mortgage in lieu of the one surrendered.

*Appeal from District Court, Gallatin county. Frank K. Armstrong, Judge.*

ACTION by Joseph D. Radford against S. I. Gaskill and

John H. Black. From a judgment in favor of plaintiff against defendant Black, and from an order denying a new trial, said defendant appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This was an action to recover possession of 36 head of cattle included in a chattel mortgage securing a promissory note executed to plaintiff, and alleged to have been converted by the defendants. The suit was instituted on the 25th day of March, 1895. The case was tried to the court without a jury.

From the trial court's findings of fact it appears that on January 4, 1893, the defendant Gaskill executed a note to one Godwin, for the sum of $360, payable one year from date, and also, for the purpose of securing the same, a chattel mortgage upon 50 head of stock cattle; that on January 2, 1894, in pursuance of the statute permitting it, Gaskill extended said mortgage until the 4th day of January, 1895. Godwin died on the 26th day of March, 1894, in the county of Madison, of which he was a resident, leaving a large estate, a part of which was in the county of Madison, and a portion in Gallatin county.

One Van Allen took possession of the papers and effects of said deceased under the instructions of John Perry, one of the executors mentioned in Godwin's will, including the note of $360 aforesaid. On the 4th of June, 1894, letters of administration upon the estate of Godwin were issued by the District Court in and for Gallatin county to the plaintiff, Radford, and said Van Allen, who qualified as administrators, and in good faith began to discharge their duties as such.

On February 9, 1894, said Gaskill had executed to the defendant Black a note for $366, payable one year after date, and had secured the same by a chattel mortgage upon certain cattle.

On December 15, 1894, Radford, having in his possession the note and mortgage executed by Gaskill to Godwin, and believing that he had authority to do so, accepted from Gaskill a note, secured by a chattel mortgage upon 60 head of

cattle in lieu of the original note and mortgage, the note being payable on or before April 1, 1895. The note and mortgage were executed to Radford individually for the sake of convenience for the benefit of the Godwin estate.

At the same time Gaskill renewed the note he had previously made to the defendant Black, and for the purpose of securing the same executed to the said Black a new chattel mortgage; the note being payable on the 1st day of April, 1895. The mortgage to Black embraced the same cattle included in the mortgage to Radford, and it was agreed between Gaskill, Black, and Radford, and recited in Black's mortgage, that his (Black's lien) was to be second to that of Radford's upon said property.

Black was aware of all the circumstances under which Radford accepted a new note and mortgage for the Godwin estate.

On March 23, 1895, Black took into his possession—claiming to do so by virtue of his chattel mortgage last aforesaid— 36 head of the cattle embraced in his own and Radford's mortgage, and sold the same. The reasonable value of the cattle at the time of the said taking and sale was $15 per head.

After the bringing of this suit in conversion, namely, on the 15th day of November, 1895, the District Court of Gallatin county dismissed all the proceedings in the matter of the estate of said Godwin, deceased, ''for want of jurisdiction, the attention of the court being called to the fact that said Godwin died in the county of Madison, state of Montana, and being a resident of said county of Madison at the time of his death, and owning an estate therein.''

As conclusions of law from its findings of fact the trial court found that it had never had any jurisdiction of the estate of Godwin, deceased, and that the order dismissing the proceedings therein was properly made; that plaintiff and said Van Allen had never been legally appointed administrators of said estate; that plaintiff having come into possession of the note given by Gaskill honestly believing he was entitled to the possession thereof, and having exercised control over the

same, had rendered himself legally liable to the estate for the note and for the mortgage securing the same; that the note mentioned in plaintiff's complaint had been taken in the name of the plaintiff with the full knowledge of defendants Black and Gaskill that it was for the use and benefit of said estate, and that thereby a trust was created in plaintiff under the provisions of Section 570 of the Code of Civil Procedure; that plaintiff was entitled to maintain the action against Black, and for the purposes thereof was the real party in interest; that Black having taken his mortgage second and subject to the mortgage given to plaintiff, and without any fraud or deception having been practiced upon him, was estopped from questioning the validity of plaintiff's mortgage or plaintiff's right to enforce the same, and that plaintiff was entitled to recover.

The chattel mortgage of Radford, upon which he based his right to recover possession of the cattle taken by Black, contained the usual provisions of such instruments, i. e.: ''That, if prior to the maturity of said indebtedness the property embraced in the mortgage, or any part thereof, should be attached, seized or levied upon by or at the instance of any creditor or creditors of the mortgagor, or claimed by any other person or persons, or if said mortgagor should remove, or attempt to remove, said property from the county of Gallatin, or should conceal, make way with, sell, or in any manner dispose of said property, or any part thereof, or should attempt to do so, or if the mortgagee should at any time consider the possession of said property, or any part thereof, essential to the security of the payment of said promissory note, he should have the right of immediate possession of the same at his option. ''

As has been stated, the first complaint was filed on March 25, 1895. Gaskill was made a party to it as one of the defendants.

On April 3d Black filed a separate answer to the complaint, and on the same day Gaskill filed a separate demurrer on the ground that it did not state a cause of action as to himself.

Gaskill's demurrer was sustained and on the 9th day of April, 1895, respondent took 10 days in which to file an amended complaint as to Gaskill.

On April 15th plaintiff elected to stand upon his complaint as to defendant Gaskill, and, refusing to amend, on June 3d suffered final judgment to be taken against him by Gaskill alone.

On May 22d Black filed a *præcipe* for default against respondent for failure to reply to his answer.

On May 28, 1895, the bill of exceptions recites, "Without leave of court, on the consent of defendant John Black, the plaintiff filed his amended complaint."

Upon June 3d Black filed a motion for judgment on the pleadings upon the ground that plaintiff had failed to reply to his answer to the original complaint, and on June 6, 1895, filed a motion to strike plaintiff's amended complaint from the files upon the ground that the same had not been filed within the time allowed by the court.

On July 1st both motions were overruled. Exceptions were taken to the motions aforesaid, and bills thereof are contained in the record.

Subsequently Black filed an answer to the amended complaint, and later, on August 31, 1895, filed an amended answer. The allegations of the amended answer were to the effect that the appointment of Radford and Van Allen as administrators of the estate of Godwin was void, that Radford had no right to renew the chattel mortgage in favor of Godwin's estate, that he was not the real party in interest, and hence was incapable of maintaing an action for conversion. There are other allegations in the answer, but these it is unnecessary to recite. A replication was filed by plaintiff.

The record contains none of the evidence upon the trial. It embraces certain bills of exceptions, but these contain none of the evidence. In one of these bills of exceptions it is recited that Black asked the court to make certain findings and conclusions of law, and there is set forth therein his request for the same. The request contains a statement of the evi-

dence on which Black relies, but it is merely Black's version of what the evidence was, and does not purport, so far as any identification or authentication is concerned, to be the evidence before the trial court.

The appeal is by defendant Black alone, and purports to be from the judgment in favor of plaintiff and from an order denying a motion for a new trial. There is no statement of motion for new trial contained in the record, and nothing to indicate, beyond a formal order of the lower court denying the motion for a new trial, that any such motion was ever made.

*Luce & Luce*, for Appellant.

*Hartman Bros. & Stewart*, for Appellee.

BUCK, J.—It does not appear that any default was entered in behalf of defendant Black in obedience to his *præcipe* therefor filed with the Clerk of the District Court on May 22, 1895. When he (Black) filed his motion for judgment on the pleadings, and to strike plaintiff's amended complaint from the files, the trial court was confronted with this fact, namely: That, with Black's own consent, said amended complaint had been filed in the suit. Under these conditions, there was no abuse of discretion in the overruling of said motions.

The main question involved is whether defendant Black is in a position to urge any defense to this suit on the ground that Radford had no authority to accept a renewal of the note and mortgage belonging to the Godwin estate.

Gaskill, through whom Black claims the cattle in controversy, dealt with Radford as the representative of the Godwin estate. So did Black himself. Black's very mortgage on which he bases his right to the cattle recites that his lien is subject to that of the Radford mortgage. Manifestly, Radford was induced by the action of Gaskill and Black to surrender a security belonging to the Godwin estate, and accept a new note and mortgage. Whether Radford had authority to accept the new note and mortgage becomes immaterial.

We are clearly of the opinion that the lower court committed no error in holding that Radford was a trustee for the Godwin estate, and a proper party plaintiff to the suit. Black is clearly estopped in the premises. His attitude is that of one who seeks to avail himself of the very rules of law designed and enunciated to prevent such conduct as his in order to deprive the Godwin estate of a security which belongs to it, and which he himself had recognized as belonging to it.

There are other objections urged by appellant, but they are without sufficient merit for discussion. The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.