(No. 27057.—

IN RE ESTATE OF CHRISTIAN NIELSEN.—(ROBERT F. KOLB *et al.*, Appellants, *vs.* JULIUS NIELSEN *et al.*, Appellees.)

*Opinion filed March 18, 1943.*

JOHN J. GOLDEN, and TATGE & TATGE, (ROBERT F. KOLB, of counsel,) for appellants.

JOHN J. PHELAN, and C. L. BANKER, for appellees.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county, denying probate of the last will and testament of Christian Nielsen, deceased. The cause was first heard in the probate court of Cook county, where probate of the will was likewise denied. The facts are not seriously in dispute.

Christian Nielsen, on October 9, 1935, in Chicago, Illinois, made, executed and published his last will and testament. He died on January 25, 1942, at Gainesville, Florida, leaving personal property not to exceed $1000 in value and real estate not to exceed $29,000 in value located in Cook county, Illinois, at the time of his decease. The will made specific bequests as follows: "Second: I give, devise and bequeath to my daughter, Lillian Thompsen, the two story brick building located at 2929 North Spaulding Avenue, Chicago, Illinois. Third: I give, devise and bequeath to my son, Julius Nielsen, my residence at 2932 Wisner Avenue, Chicago, Illinois. Fourth: All the rest, residue and remainder of my estate, real, personal or mixed, wherever situated, I give, devise and bequeath to my business partner and assistant, Lena May Beverly."

Lena May Beverly was named as executrix, but in the event of her removal or failure to qualify, the will also named Robert F. Kolb to act as executor. At the time of decedent's death, Miss Beverly resided out of the State of Illinois. Therefore, Kolb filed a petition for the probate of the will and the naming of himself as executor. The petition so filed by him states that decedent was a resident of Chicago, having died in the State of Florida, leaving the afore-mentioned assets in Illinois, and that Julius Nielsen,

his son, Lillian Thompsen, his daughter, and Fay Nielsen, a minor, his granddaughter, are his only heirs and next of kin, all residents of Chicago.

Both Julius Nielsen and Lillian Thompsen, in the probate and circuit courts, opposed the probate of the will on the sole ground that decedent was not a resident of Illinois at the time of his decease. They were joined by the guardian *ad litem* of Fay Nielsen, a minor. The proofs heard in the circuit court consisted of a duly authenticated transcript of the testimony of the subscribing witnesses as given in the probate court, and the testimony of Julius Nielsen, the son, Robert F. Kolb and Albert Shirden. Julius Nielsen testified that his father had lived in the Wisner-avenue house in Chicago for many years until the death of his wife about thirteen years ago. A few years after the death of his wife the deceased continued to live in the house and later rented out the house and garage, except the attic, to tenants, but continued to live in the attic where he had one bed in the front of the workshop located in the attic. For about twenty-seven years the father had a summer house in Lakeside, Michigan, where the whole family went for twenty-five years. The deceased and his wife would go there for the summer. The children would go there after school closed, both the deceased and his wife living both at the Wisner-avenue house and in Michigan. Deceased was living in the Wisner-avenue property when the wife died, but has not lived there from eight to nine years last past. After the death of his wife the deceased left the Wisner-avenue property to Albert Shirden to take care of. The son visited his father in 1940 at Lakeside, Michigan, which was his home. In the Michigan property the deceased had a fireplace, stove, furniture and bed. He did painting there and had a business there. He had his post-office address there and told the witness that he voted in Michigan, having registered in Berrien county, Michigan; he came to Chicago only once or twice during the

last five years, transacted his business with the caretaker and then left. During the winters he lived in Florida.

Robert F. Kolb testified that he drew the will for the deceased at Kolb's Chicago office; that he was at the Wisner-avenue home of the decedent about ten years prior to his death, but has not been there since and did not know where Nielsen lived at the time of the execution of the will or where he lived when he died.

Albert Shirden, who testified for the proponent, related that in 1934 the deceased spoke to him about taking care of his property, telling him to collect the rents and make the leases; that in the attic there was a bookcase, a table, a couple of chairs, a coal stove, sink and toilet. In 1933 and 1934 deceased lived there, but from 1934 on Shirden had the exclusive charge of the property, collected the rents and accounted to Nielsen therefor.

The order of the circuit court of Cook county denying probate was based upon the following findings: 1. That Christian Nielsen, the decedent, was at the time of his death, a resident of the State of Michigan. 2. That the decedent was not at the time of his death, a resident of Chicago, Cook county, Illinois.

The appellants have urged three errors relied upon for reversal, which will be considered in the following order: 1. Admission of incompetent evidence on the trial. 2. The finding that the deceased was a resident of Michigan and not of Illinois at the time of his death. 3. The deceased owned real and personal property in Cook county, Illinois, at the time of his death, subject to administration there, and his will should have been admitted to probate regardless of where he lived at the time of his decease.

The appellees contend that the only questions to be determined on appeal are: (1) was Christian Nielsen, at the time of his death, domiciled in the State of Michigan; (2) if so, was it proper to admit his will to probate in the State

of Illinois prior to its being admitted to probate in a court of competent jurisdiction in the State of Michigan?

We cannot see that any of the questions raised by either of the parties to this suit give this court jurisdiction on direct appeal, and the cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*