In re Estate of Christian Nielsen, Deceased.
Appeal from the Probate Court of Cook County in re Probate of Will of Deceased.
Robert F. Kolb, Appellee and Coappellant, v. Julius Nielsen et al., Appellees, Lena May Beverly, Appellant.

Gen. No. 42,691.

Opinion filed December 13, 1943.

John J. Golden, of Chicago, for certain appellant.

Tatge & Tatge, of Chicago, for appellee and coappellant; Robert F. Kolb, of Chicago, of counsel.

John J. Phelan and C. L. Banker, both of Chicago, for appellees.

Mr. Justice Matchett delivered the opinion of the court.

Christian Nielsen died January 25, 1942, at Gainesville, Florida. He left an alleged last will and testament, executed by him at Chicago, Illinois, October 9, 1935. The record shows that he left personal property not to exceed $1,000 in value and real estate not to exceed $29,000 in value, located in Chicago and Cook county, and that his estate is more than sufficient to pay all his debts.

The will nominated Lena May Beverly as executrix but provided that in case she was not a resident of the State of Illinois Robert F. Kolb should act as such executor. Lena May Beverly is not a resident of the State of Illinois, and Kolb set up that fact in his petition for letters and to admit the will to probate.

Deceased left his son, Julius Nielsen, 1627 N. Keeler avenue, Chicago, his daughter, Lillian Thompson, 4044 Melrose avenue, Chicago, and his granddaughter, Fay Nielsen of Chicago, a minor, as his only heirs at law and next of kin. The will bequeathed to Lillian Thompson a two-story brick building located at 2929 N. Spaulding avenue, Chicago, Illinois; to his son, Julius Nielsen "my residence at 2932 Wisner avenue Chicago, Illinois." All the rest of his estate he de-

vised to "my business partner," Lena May Beverly. As stated, she was also named executrix.

Kolb filed his petition alleging the disqualification of Lena May Beverly and asking the probate of the will in the probate court of Cook county on February 10, 1942. The petition states the names of the legatees, Nielsen and Thompson, with addresses as above, and Lena May Beverly, c/o Mrs. Charles Lindsey, Dunedin, Florida. The petition states that petitioner resides at 224 Ridge avenue, Winnetka, Illinois, and is willing to accept the trust confided by the will.

The will, as already stated, is dated October 9, 1935, is duly signed and attested by three witnesses. An order was entered appointing a guardian *ad litem* for Fay Nielsen. The heirs and next of kin appeared and objected to the admission of the will to probate. On May 12, 1942, an order was entered by the probate court denying the prayer of the petition for letters, etc., "it appearing to the court that the domicile of the decedent herein is not in the State of Illinois."

Kolb and Lena May Beverly each prayed and perfected separate appeals to the circuit court of Cook county, where the appeals were consolidated for hearing. The circuit court heard testimony, found also that the decedent at the time of his death was a resident of the State of Michigan and was not at that time a resident of the City of Chicago, Cook County, Illinois, and denied probate for that reason. Kolb and Beverly perfected their several appeals to the Supreme Court of Illinois, which in its opinion (382 Ill. 422) transferred the appeal to this court.

The first contention of the proponents of the will is that since it appeared without dispute the deceased owned real and personal property in Cook county, Illinois, at the time of his death, the will should have been admitted to probate, regardless of any question of the residence or domicile of the decedent. This is a general rule as stated in 28 R. C. L., Wills, p. 365, § 367:

". . . It is almost uniformly held that where assets are found within a state, the courts of probate of that state have jurisdiction to grant original probate of a foreign will. In some states such jurisdiction is expressly given by statute, but such statutes have been characterized by the courts as merely declaratory of the common law." See *In Re Estate of Holden,* 110 Vt. 60, 1 A. (2d) 721, 119 A. L. R. 487, Annotation, page 491.

Explanatory of the rule, in 50 Harv. L. Rev., page 1119 at 1183, we find:

"A non-domiciliary state in which assets of the decedent are found has jurisdiction to grant original probate of a will. . . . Where there is original non-domiciliary probate, the decree of probate has no extra territorial effect."

Such also in effect, was, we think, the law of Illinois prior to the enactment of the Illinois Probate Act, as illustrated by decisions construing in particular sections 10 and 11 of the Wills Act (Ill. Rev. Stat. 1939, ch. 148). Thus in *Davis v. Upson,* 230 Ill. 327, our Supreme Court said:

"It is clear from the language of section 10 that a foreign will can be admitted to probate in this State only in case the testator died seized of 'lands or other real estate' situated in this State."

The clear inference is that if the deceased had either personal property or was seized with lands within this State, the probate or other county court, as the case might be, would have jurisdiction to issue the letters. *Davis v. Upson* was decided prior to the amendment of 1909 to section 10 of the Wills Act, providing that "the *situs* of specialty debts shall be where the instrument happens to be and of simple contract debts and other choses in action, where the debtor resides."

In construing these sections the Supreme Court in *Martin v. Central Trust Co.,* 327 Ill. 622, said:

"It is the universal policy of our law to preserve local assets for the satisfaction, in the first instance, of local claims. (*Coombs v. Carne,* 236 Ill. 333; 18 Cyc. 1229.) Section 10 of the Wills Act was evidently passed for the sole purpose of further protecting local creditors living in this State in the collection of their debts against non-resident deceased debtors. It was not passed with a view of compelling administration of estates of non-residents by executors or administrators in cases where the non-residents owe no debt in this State and where such administration is unnecessary. . . . In this case there was a necessity for the probation of the will of the deceased under our Uniform Foreign Probate act for the purpose of showing a record title to the real estate."

In the case of *Chicago Terminal Transfer R. Co. v. Winslow,* 216 Ill. 166, 172, decided in June 1905, prior to the amendment of 1909 and, of course, prior to the enactment of the present Probate Act, the question arose whether the will of a deceased person could be probated in some place other than the residence of the deceased at the time of his death. In that case the deceased lived in California, and her will had been probated in the State of Washington. It was contended it could not be lawfully probated in any place other than California. Our Supreme Court held that the will should be admitted here, saying:

"While the rule generally speaking, is that a will should be probated in the first instance at the testator's domicile, it is subject to the exception, which is almost as broad as the rule itself, that it may be probated in any county in any state where the testator had and left assets, particularly real estate."

We find nothing in the provisions of the Illinois Probate Act, §§ 54, 55, 60, 63, 85, 86, 87 and 88 (Ill. Probate Act Anno., Art. IV, V and VI, p. 64; Smith-Hurd Ill. Anno., §§ 206, 207, 212, 215, 237, 238, 239 and 240,

Art. IV, V and VI) which indicates any legislative intention to change this rule. The probate of a foreign will seems to be covered by sections 85 and 86, which are as follows:

"Section 85. Foreign Will Admitted to Probate. A written will signed by the testator when proved as provided in this Article may be admitted to probate in this State when (a) the will has been admitted to probate outside of this State or (b) the will was executed outside of this State in accordance with the law of this State, of the place where executed, or of the testator's domicile at the time of its execution.

"Section 86. Procedure for Probate of Foreign Will. The provisions of this Act concerning the procedure for the admission to probate of a domestic will govern the procedure for the admission to probate of a foreign will sought to be admitted to probate as provided by this Article, except for the manner of proof."

These are followed by section 87, providing that when a foreign will has been admitted to probate outside of the State it is sufficiently proved to admit it to probate in this State by introducing in evidence a duly authenticated copy of the will and the probate thereof.

The heirs rely upon *Barnett v. Barnett,* 284 Ill. 580, but this, we think, does not hold to the contrary. The case was decided in 1918. The revised Probate Act was enacted in 1939. The decision, of course, does not undertake to construe the Act. The case was originally a partition proceeding, where it was necessary to establish the title to real estate. The evidence showed Anna Barnett died testate, having an interest in land, and at the time of her death she resided in Pueblo, Colorado. Her will had been executed in Illinois but probated in the former State. A certified copy of the will was offered in evidence but objected to because not properly certified and because it had been filed in the circuit court clerk's office and not re-

corded in the probate court. The decision of the Supreme Court was that the certified copy of the probate of the will was not admissible in evidence for these reasons. The opinion went on to say that the will was properly probated in Colorado because it was the residence of the deceased at the time of her death, a proposition not disputed. This comes far short of holding that the will would not have been admissible for probate had it been offered in the county where the land was situated in the first instance.

The Probate Act of 1939 was evidently carefully prepared. If it had been the intention to change the rule of law and procedure formerly applicable in such cases, we do not doubt language would have been used showing clearly the intention. There is no language which can be so construed. On the contrary we find the express statement in section 85 that where the will was executed in accordance with the law "of the place where executed" (in this case Illinois) it is admissible to probate. There is abundant proof in this record that this will was executed in Illinois in conformity with the laws of Illinois and that it disposes of property situated therein to residents of Illinois. Therefore, even if we assume that Illinois was not the domicile of the testator at the time of his death, we think the proponents were entitled to have it admitted to probate.

For another reason also we hold the judgment must be reversed. The testimony heard in the probate and circuit courts tending to show that the domicile of decedent was in the State of Michigan was given by decedent's son Julius. It was objected to on the ground that Julius was an interested witness and therefore incompetent under section 2 of the Evidence Act. Such seems to be the law as held by the Supreme Court in *Joyal v. Pilotte*, 293 Ill. 377.

We also think the circuit court committed reversible error in its rulings upon the admission of the evidence

of witness Shirden, who testified for the proponents. It appeared from his evidence that, after the death of the mother, wife of the deceased, he occupied the attic and that the lower part of the house was rented out by him. He was asked whether there ever was a tenant in the attic; who kept the keys to the attic; whether anybody had keys to the attic; whether he ever got the keys to the attic. Objections to all these questions were sustained. The proponents then offered to prove by the witness that he (the witness) had never had the keys to the attic and that deceased kept them. An objection to this offer was sustained. We hold it to be clearly erroneous. At any rate, under the undisputed evidence, we think the proponents were entitled to have the will of the deceased admitted to probate.

The judgment of the circuit court will therefore be reversed and the cause remanded to that court with directions to remand the cause to the probate court of Cook county, with instructions to admit the will to probate.

*Reversed and remanded with directions.*

O'Connor, P. J., and Niemeyer, J., concur.