In Matter of Estate of Clarence Hinshaw, Deceased. Mildred Rains, Petitioner-Appellant, v. Victor G. Johnson, Administrator of Estate of Clarence Hinshaw, Deceased, Respondent-Appellee.

Gen. No. 11,120.

Second District, First Division.

October 17, 1958.

Released for publication November 4, 1958.

240

Sears and Streit, of Aurora (John E. Dreyer, of counsel) for appellant.

O'Brien, Burnell & Puckett, of Aurora (William C. O'Brien, Wilson D. Burnell, Donald L. Puckett and Henry D. Casey, of counsel) for appellee.

PRESIDING JUSTICE DOVE delivered the opinion of the court.

Clarence Hinshaw, a resident of the State of Iowa for sixty-nine years, died there intestate on August 2, 1955, leaving Mildred H. Rains, a resident of Iowa, and Margaret H. Terrell, a resident of the State of Ohio, his daughters and only heirs at law him surviving. Mildred Rains, one of the daughters, was duly appointed administratrix of his estate by the District Court of Hardin County, Iowa. On February 2, 1956, the administratrix filed in the District Court an inventory which listed various items of personal property having an estimated value in excess of $10,000 and also certain described real estate belonging to her intestate and also located in Hardin County, Iowa, having an estimated value of $18,000.

On December 4, 1956, Donald W. McCorkle, a resident of the State of Indiana, and Victor G. Johnson, filed in the probate court of Kane County their verified petition praying that court to issue letters of administration upon the estate of Clarence Hinshaw to Victor G. Johnson, the public administrator of Kane County, Illinois. This petition alleged that Clarence Hinshaw died intestate on August 2, 1955; that he was, at the time of his death, a resident of Hardin County, Iowa; that his two named daughters, Mildred H. Rains residing at New Providence, Iowa and Margaret H. Terrell

241

residing at New Vienna, Ohio were his only heirs and that his personal estate "did not exceed in value $10,000." This petition also recited that petitioner, McCorkle was a resident of West Point, Indiana and a creditor of Hinshaw.

On the day this petition was filed, December 4, 1956, the probate court of Kane County entered two orders, one granting the prayer of the petition and directing the issuance of letters of administration to Victor G. Johnson, public administrator. The other order established heirship and found that Mildred H. Rains and Margaret H. Terrell were adult daughters of, and the only heirs at law of decedent.

On December 13, 1956, Mr. Johnson filed in the probate court of Kane County a verified inventory which the court approved the same day. This inventory omitting the caption and signature and verification is as follows:

"The following is a full, true and perfect inventory of all the real and personal estate of the said Clarence Hinshaw, deceased so far as the same has come to the possession or knowledge of the undersigned Victor G. Johnson, administrator by appointment of this court of said Clarence Hinshaw.

"Description

Personalty · Value unknown
 Liability insurance policy issued by the Iowa Farm Mutual Insurance Company insuring Clarence Hinshaw re liability arising from automobile collision, etc."

On January 4, 1957, Mildred Rains, a daughter of decedent entered her special appearance in the probate court of Kane County and filed a verified petition praying that court to revoke the letters of administration theretofore issued to Johnson, and for an order declaring all of the proceedings had in her father's

242

estate in the probate court of Kane County without jurisdiction and void. This petition, after reciting her father's death and heirship, and her appointment as administratrix of his estate by the District Court of Hardin County, Iowa then averred that an order had been entered by that court on July 26, 1956 closing the estate and discharging her as administratrix. The petition then averred that her father was never a resident or domiciled in Illinois; that at the time of his death he owned no real or personal property or had any assets in any form in Illinois; that he owed no taxes to the State of Illinois and was not indebted to any resident of the State of Illinois. Her petition alleged that decedent had had a liability insurance policy issued to him by the Iowa Farm Mutual Insurance Company; that this insurance company is a foreign corporation and that said policy was contracted for and was issued to her father in the State of Iowa. She further averred that this policy was in the State of Iowa at the time of decedent's death and has remained there subsequent to his death; that the Iowa Farm Mutual Insurance Company is an Iowa Corporation and is not authorized to do business in the State of Illinois, does not maintain an office in Illinois and has done no business in the State of Illinois.

This petition further alleged that on December 5, 1956, the said Donald W. McCorkle filed his suit against Johnson, as administrator of the estate of Clarence W. Hinshaw, deceased, in the circuit court of Kane County, Illinois, seeking to recover damages from said administrator for injuries which he, McCorkle, received as the result of an automobile accident which occurred in Kane County, Illinois, on December 18, 1954, when an automobile owned and operated by McCorkle collided with an automobile owned and operated by defendant's intestate. This petition further alleged that one Bernard Osterhoff had filed a similar

action on December 11, 1956, in the circuit court of Kane County against Johnson as administrator, to recover damages which he alleged he sustained while riding in the automobile of McCorkle as a guest passenger. Attached to and made a part of the petition were (1) a certified copy of the letters of administration issued to appellant by the District Court of Hardin County, Iowa; (2) a certificate by the clerk of that court to the effect that an order had been entered in that court on July 26, 1956, closing that estate and (3) an affidavit of the secretary of the Iowa Farm Mutual Insurance Company to the effect that that company is qualified to do business in Iowa only and that it does not write any business or maintain any office in Illinois.

Upon a hearing in the probate court of Kane County that court entered an order dismissing the petition on the ground that petitioner, Mildred Rains, was not an aggrieved or interested person and therefore could not contest the jurisdiction of the court in issuing letters of administration to Victor G. Johnson. To reverse that order, an appeal was taken by Mildred Rains to the circuit court of Kane County.

In the circuit court, the administrator, appointed by the probate court of Kane County filed a motion to dismiss the appeal on the ground that only a person aggrieved by an order of the probate court has the right to appeal from an order of the probate court to the circuit court; that Mildred Rains was not a person aggrieved and, therefore, did not have the right to appeal. The circuit court sustained this motion and dismissed the appeal. To reverse that order Mildred Rains appeals.

It is the theory of appellant that the probate court of Kane County lacked jurisdiction to appoint an administrator in this case inasmuch as the petition does not allege that there is any asset of decedent in this

244

state and that the record so discloses. Counsel further insist that appellant is an aggrieved person within the meaning of the statute and entitled to appeal and that the circuit court erred in dismissing her appeal from the probate court.

Appellee has filed a brief in this court and joined in this appeal. No motion to dismiss this appeal has been made in this court. In their brief, counsel insist that appellant, as an heir of decedent, will neither be benefited nor injured or prejudiced or adversely affected by the probate proceedings in Illinois and therefore she is not an aggrieved person within the meaning of section 330 of the Probate Act (Ill. Rev. St. 1957, Chap. 3, § 484) and could not prosecute an appeal from the probate court to the circuit court. In support of this contention counsel state that all that was necessary to give the probate court of Kane County jurisdiction to appoint an administrator was for appellee to claim that there is an estate of decedent in Illinois; that an automobile liability insurance policy issued to decedent by the Iowa Mutual Insurance Company has its situs in Kane County and is therefore an asset in Illinois. To sustain this contention counsel cite and rely upon Furst v. Brady, 375 Ill. 425, 430.

In Furst v. Brady, supra, it appeared that on September 6, 1936, Peter H. Brady, a resident of Missouri, was involved in an automobile accident in Stephenson County, Illinois, in which his car which he was driving from Wisconsin to Missouri collided with a car belonging to Frank E. Furst of Freeport, Illinois. As a result of the accident Brady and Furst were killed and other persons were injured. Soon after the accident Brady's son sold his wrecked automobile to a dealer in Forreston, Illinois, for $50.

On January 16, 1937, the public administrator of Stephenson County filed a petition in the county court of that county for letters of administration in the es-

245

tate of Brady, listing as his assets in the State of Illinois an Oldsmobile and a certain automobile or casualty insurance policy issued to decedent by the Utilities Insurance Company of St. Louis, as insurer. The petition estimated the value of decedent's personal property at $15,100 and stated that deceased left no widow but left him surviving a son, Vincel, residing in Newcastle, Wyoming, and an adopted daughter, Thelma, residing in St. Louis, Missouri. Upon that petition letters of administration were issued by the probate court of Stephenson County to the public administrator.

Three suits arising out of the accident were then filed against the administrator of Brady in the circuit court of Stephenson County. Thelma Brady, the adopted, nonresident, daughter of decedent thereafter filed her petition in the county court of Stephenson County praying that the order appointing the public administrator as administator of Brady's estate be vacated and that the letters of administration issued to him be revoked. The grounds for this motion were that at the time the petition for the appointment of the public administrator was executed, there were no assets of Brady, real or personal, in this state. This petition charged that the appointment of the public administrator was not for the administration of any estate in this state but constituted a fictitious device and means of attempting to obtain service in the civil suits in order that the circuit court might obtain jurisdiction in those actions.

The administrator filed a motion to dismiss the petition of the nonresident heir. A hearing was had resulting in an order vacating the previous order which appointed an administrator of Brady's estate in Illinois. Jeanne M. Furst, one of the parties injured in the accident and plaintiff in one of the actions pending against the administrator appealed to the circuit court

246

from the order vacating the appointment of the public administrator. The circuit court set aside the vacating order of the county court and confirmed the original appointment of the public administrator. From this order, Thelma Brady, the nonresident heir and adopted daughter of the nonresident decedent, Brady, appealed to the appellate court, where the judgment of the circuit court was reversed and that of the county court was affirmed.

In the appellate court the administrator filed a motion to dismiss the appeal which was denied. The supreme court granted leave to appeal and held that an Insurance Company licensed to do business in Illinois is regarded as a resident of this state and a policy of insurance issued by such insurer to a nonresident motorist who is killed in an automobile accident in Illinois has a situs in this state: that insured, if living would have had a right of action on his policy in the county where the accident occurred and that this right is an asset of decedent's estate sufficient to authorize the appointment of an administrator by the probate court of the county in this state in which the accident occurred.

The right of a nonresident heir to appeal from the circuit court to the appellate court was not raised or questioned in the supreme court in the Furst case and the opinion of the appellate court does not set forth the grounds of the motion to dismiss the appeal in that court, but the record of that case discloses that one of the reasons assigned why the appeal should be dismissed was that appellant had no interest in the appeal and that any claims or judgments against Brady's Illinois estate would never be enforcible against his estate in Missouri. By passing upon the merits of the appeal in that case the supreme court, inferentially, at least, recognized the right of the appellant in that case to appeal from the circuit court to the appellate court.

In re Estate of Shirley, 334 Ill. App. 590, it appeared that Arthur R. Shirley at the time of his death, resided in Lebanon, Indiana. Upon the petition of a creditor the probate court of Cook County issued letters of administration upon his estate. The petition, upon which this appointment was made failed to allege that decedent left any real or personal estate in Illinois. Arthur W. Shirley, a son of decedent filed his petition in the probate court of Cook County to revoke the letters and attacked the jurisdiction of that court on the ground that decedent did not, at any time, have or leave any property or estate to be administered in Cook County. The answer by the administrator to that petition averred that there was an estate in Cook County, consisting of a right of action in favor of the decedent, upon an insurance policy issued to him by State Automobile Insurance Association of Indianapolis, Indiana, which had qualified to do business and had actually done business in Illinois. The probate court denied the petition of the son to revoke the letters and the son appealed to the circuit court which affirmed the order of the probate court. Upon a further appeal by the son to the appellate court, that court reversed the order of the circuit court and held that there was no estate in Cook County to administer.

In the course of its opinion the appellate court distinguished Furst v. Brady, 375 Ill. 425, and said that the supreme court upheld the issuance of letters of administration in that case because the accident occurred in Stephenson County where an action on the insurance policy could have been maintained by Brady, if living. In the Shirley case it appeared that the accident occurred in Indiana and the insurance carrier, while licensed to do business in Illinois, had no office in Cook County and did no business there and the court held, that decedent, having no right of action in Cook County against the insurer at the time of his death,

there was no estate in that county and therefore the letters of administration were erroneously issued.

In re Estate of Klipple (Fla.), 101 So.2d 924, a case decided by the District Court of Appeal of Florida, it appeared that David John Klipple was involved in an automobile accident in Dade County, Florida on June 5, 1953, as a result of which Lonnie Bailey filed a tort action against him in the United States District Court for the Southern District of Florida. On February 5, 1955, Klipple died intestate while serving in the United States Navy in Morocco. At the time of his death he was a resident of Wayne County, Michigan. Thereafter the said Lonnie Bailey, as a creditor of Klipple, filed his petition in the County Judge's Court of Dade County, Florida, for the appointment of an administrator of Klipple's estate in order to be able to substitute such representative, in the tort action pending in the Federal Court, and letters of administration were duly issued to J. R. Bates on July 23, 1956, by the County Judge's Court.

Margaret M. Klipple then filed in the County Judge's Court of Dade County her verified petition, with supporting affidavits, setting forth the foregoing facts and alleged that she was the mother and next of kin of David J. Klipple and that she first learned of the appointment of Bates as administrator on October 17, 1956; that she had no prior notice thereof; that her son David J. Klipple was at the time of his death, a resident of the State of Michigan and had no property in the State of Florida; that the Detroit Automobile Insurance Exchange insured the deceased and had issued a policy of insurance to him in Detroit, Michigan on March 24, 1953, for 1 year, to expire on March 24, 1954; that the Detroit Automobile Insurance Exchange is organized and exists under the laws of the State of Michigan and is authorized to do business and does business only in the State of Michigan and, is not

249

authorized to do business and does not do business in the State of Florida. The petition then concluded that the issuance of letters of administration by the County Judge's Court of Dade County, Florida was without authority of law and not within the jurisdiction of that court and prayed that said order should be formally revoked of record. Upon a hearing the County Judge's Court denied the prayer of the petition and upon appeal to the circuit court of Dade County that court affirmed the order of the County Judge's Court and petitioner prosecuted a further appeal.

■ ■ It was contended by the administrator that the contingent liability insurance contract constituted the local property or estate of the decedent necessary to give the County Judge's Court of Dade County, jurisdiction, inasmuch as section two of the venue statute of Florida provides that if decedent had no domicile in Florida then the venue for granting letters of administration should be in any county of the state in which decedent was possessed of any property. In support of this contention Furst v. Brady, supra, 375 Ill. 425, 31 N.E.2d 606, 133 A. L. R. 558 and other cases referred to in the opinion in the Furst-Brady case were cited. In distinguishing those cases and holding that where a nonresident insurance carrier is not authorized to do business in Florida, the liability insurance contract is not property possessed or having a situs in that state, the court said: "The contingent liability on the decedent's automobile indemnity insurance policy may properly be classed as property. The question is whether the property was located or 'possessed' in Dade County, Florida, or elsewhere. On this point the appellee cites a number of cases approving administrator appointments made at the place where such law actions were pending, although the defendants in such actions were nonresidents. Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A. L. R. 558; In re Fagin's Estate,

246 Iowa 496, 66 N.W.2d 920; Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105; Robinson v. Dana's Estate, 87 N. H. 114, 174 A. 772, 94 A. L. R. 1437. However, in each of those cases the nonresident insurance carrier was a corporation authorized to do business in the state in which the application for the administrator was made. As pointed out in the Massachusetts case, that was the determining factor as it resulted in amenability of the insurance carrier to process in the state and county of the application. See also Feil v. Dice, 135 F. Supp. 851 (D. C. Idaho); Miller v. Stiff, 62 N. M. 383, 310 P.2d 1039. Where, however, the nonresident insurance carrier is not authorized to do business in the state in question the liability insurance contract is not property possessed or having a situs in that state or county. This distinction was clearly pointed out in the case of Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835, where it was determined that if the nonresident insurer was not authorized and licensed to do business in the State of Iowa, an appointment of an administrator to substitute in the law action, where its only support would be the decedent's liability insurance contract, would be improper."

What the Florida court held in the Klipple case was that the contingent liability on decedent's automobile indemnity insurance policy is properly classified as property but where it appears that an automobile accident had occurred in that state and an action had been instituted against a defendant growing out of such accident and after the action had been brought the defendant died, the fact that he held a liability indemnity insurance policy issued by a foreign corporation not authorized to do business in Florida would not authorize the appointment of an administrator in Florida.

Our Probate Act provides that a person desiring to have letters of administration issued on the estate of a

251

deceased person shall file a verified petition therefor in the probate court of the *proper county.* "The petition shall state if known: (1) the name and place of residence of the decedent at the time of his death; (2) the time and place of death; (3) the approximate value of decedent's real and personal estate *in this state;* (4) the names and post-office addresses of all heirs, devisees and legatees of the decedent and whether any of them is a minor; (5) the name and address of the person nominated as administrator; (6) the facts showing the right of petitioner to act as or to nominate the administrator." Probate Act, Sec. 98 (Ill. Rev. St. 1957, Chap. 3, § 250). It also provides that when the estate of a decedent is administered in this state the administration shall be in the probate court of the county determined as follows: (a) where his mansion house is situated; (b) if he has no mansion house then in the county where he has a known place of residence; (c) if he has neither mansion house nor a known place of residence in this state then in the county wherein the greater portion of his real estate is located and (d) if he has no mansion house, no known place of residence and no real estate in this state then in the county where the greater part of his personal estate is located at the time of his death. Probate Act, Sec. 54 (Ill. Rev. St. 1957, Chap. 3, Art. 4, § 206). The next section of the Act provides that for the purpose of granting administration of intestate estates of nonresidents decedents, the situs of tangible personal estate is where it is located and the situs of intangible personal estate is where the instrument evidencing a debt, obligation, stock or chose in action happens to be, or where the debtor resides, if there is no instrument evidencing the debt, obligation, or chose in action in this state. Probate Act, Sec. 55 (Ill. Rev. St. 1957, Chap. 3, Art. 4. § 207).

It is apparent that the purpose of this proceeding is to reach the proceeds of an insurance contract and counsel for appellee states that the Iowa Farm Mutual Insurance Company investigates accidents, repairs automobiles, adjusts and pays claims, prosecutes and defends law suits and satisfies judgments in Illinois. Counsel insist that this is doing business in Illinois and that the protection afforded decedent, Clarence Hinshaw, by the policy issued by this company is an asset of the estate of decedent with situs in Kane County, Illinois. There is nothing found in this record to substantiate any of these statements. The petition filed in the probate court of Kane County invoking the jurisdiction of that court and praying for an order appointing appellee administrator of Hinshaw's estate makes no such allegations nor does it make any reference to any insurance policy and there is no allegation that decedent left any property which could be regarded as an asset in Illinois. All that the petition stated was that decedent's personal estate did not exceed $10,000 in value. The petition did not state where decedent's personal property was located, of what it consisted, or anything about its kind or character.

■ ■ It is argued that one of the purposes of having administration in every estate is to permit creditors to present claims against the estate of a decedent and that the rule is that an heir can never object to administration of an estate as long as there are unpaid creditors. This is true, but that rule presupposes a valid appointment of an administrator. The petition in the instant case filed by appellant to revoke the order appointing Johnson administrator of her father's estate is a direct attack upon that order and it challenged the jurisdiction of the probate court of Kane County to make that appointment. The authorities hold that where letters of administration have been issued upon

253

an estate of a nonresident decedent who left no assets within the jurisdiction, the jurisdictional defect may be raised in a direct proceeding by anyone interested in anywise in the estate or by an Amicus Curiae or by the court on its own motion. (In re Bailey's Estate, 31 Nev. 377, 103 Pac. 232, 235; Radford v. Gaskill, 20 Mont. 293, 295; Mallory v. Burlington & M. R. R. Co., 53 Kan. 557, 36 Pac. 1059; Neal v. Boykin, 129 Ga. 676, 682, 683, 59 S. E. 912; Cooper v. Gulf, C. & S. F. Ry. Co., 41 Tex. Civ. App. 596, 93 S. W. 201; Jeffersonville R. Co. v. Swayne's Adm'r, 26 Ind. 477.)

Appellee states that the only asset of decedent in this state, of which he had knowledge, is the protection afforded decedent by a public liability insurance policy issued to him by the Iowa Farm Mutual Insurance Company and counsel insists that this policy is an asset of his estate with its situs in Kane County. The record discloses that after the petition to appoint appellee administrator was filed, and after appellee had been appointed administrator, nine days elapsed before anything appeared in this record with reference to any insurance policy. When the inventory was filed on December 13, 1956, reference was made to an insurance policy but nothing was stated about its situs. The verified petition filed by appellant to revoke the order appointing appellee avers that the situs of this policy is not in Kane County. That petition insisted that the court was without jurisdiction and that the appointment was void. In our opinion, under the cited authorities the appointment of appellee as administrator by the probate court of Kane County was not authorized by the allegations of the petition presented to the probate court of that county and when the insufficiency of that petition was called to the attention of the court, it erred in not vacating the previous order and revoking the letters issued to appellee.

In view of this conclusion it may be unnecessary for us to determine whether appellant had a right to appeal

from the probate court to the circuit court but the only question presented to the circuit court and the only issue it decided was whether appellant was an aggrieved party within the meaning of the Probate Act and entitled to appeal. That court held she was not and it is the judgment of that court which we are reviewing.

In Glos v. People, 259 Ill. 332, the court used the following language: (p. 340) "A person is prejudiced or aggrieved, in the legal sense, when a legal right is invaded by the act complained of or his pecuniary interest is directly affected by the decree or judgment. (citations) 'Aggrieved' means having a substantial grievance; a denial of some personal or property right."

In People v. O'Connell, 378 Ill. 346, some of the children of Frank Dombroski filed in the probate court of Cook County a petition for the appointment of a conservator of the person and estate of their father who with two other of his children were made defendants. Upon a hearing the prayer of the petition was denied. The petitioners sought to appeal to the circuit court but the probate judge denied them the right to appeal and they sought, in a mandamus proceeding, to compel the probate judge to grant them an appeal and to fix the amount and condition of the appeal bond. The circuit court dismissed the petition on the grounds that they had no appealable interests and were not persons aggrieved by the order denying the appointment of a conservator. In reversing the judgment of the circuit court the supreme court states that the children of Frank Dombroski were proper persons to file the petition for the appointment of a conservator, that the proceeding was a suit or cause of action to which the petitioners were parties and that the right of appeal is a privilege conferred by statute and given to parties as a matter of right. "It is an anomaly" said the court (p. 349) "to say that appellants, though proper parties to bring this action, are not proper parties to appeal

from a decision against them. . . . Appellants, petitioners, are children of the alleged incompetent. As next of kin they had a right to file the petition. If they have no right to appeal as a party aggrieved from a final order against them as such petitioners the question arises: Who may exercise the right of appeal given by section 330 of the Probate Act? It is conceded that had the court decided the issues against the defendants, they or any of them could appeal from such decision. If petitioners may not appeal and the defendants may, then the statutory provision giving the right of appeal to one feeling himself aggrieved fails to provide due process of law, and the judge who enters the order is in the position of being the absolute ruler over his own decision. Such a situation is abhorrent to the letter and spirit of the law. Since appellants as next of kin would be liable for the support of the alleged incompetent if his estate be wasted, there appears a clear interest in petitioners, putting them within the provisions of the statute as parties aggrieved, and they should be given the right to be heard on appeal from an order of the probate court denying their petition for appointment of a conservator. (McMahan v. Trautvetter, 305 Ill. 395.) We believe this to be the intent of the act. Such construction of section 330 renders it constitutional. We are of the opinion that that section gives to petitioners, appellants, the right to a review of the action of the probate court denying their petition."

In the Dombroski case the children of the alleged incompetent were parties to the record and as next of kin would be liable for the support of their father if his estate was wasted and for those reasons the court held they were aggrieved parties and should be given the right to appeal.

In the instant case counsel for appellee insist that the estate of Clarence Hinshaw in Iowa is closed and cannot be reopened so far as any judgments which may

256

be obtained against appellee are concerned and that appellant as an heir of decedent can neither gain nor lose anything as a result of administration being had in Illinois and therefore is not an aggrieved party.

Why the claims of McCorkle and Osterhoff were not asserted while the estate of Clarence Hinshaw was being administered in Iowa and before appellant was discharged as such administratrix does not appear in this record. If the appointment of appellee as administrator stands and their actions against him in Illinois proceed to judgment, any steps to collect judgments, available to judgment creditors, in this or any other state, would be available to them. Counsel for appellant suggests that in such event an attempt could be made to reopen the Hinshaw estate in Iowa or the judgment creditors might bring an independent action on those judgments in the Iowa courts. In reply to this suggestion counsel for appellee cite section 635.68 of the Iowa Code which provides that all claims not filed within six months from the publication of notice to creditors are barred unless actions against decedent are pending at the time of his death or unless peculiar circumstances entitle the claimant to equitable relief. Counsel for appellee insist that neither McCorkle or Osterhoff could proceed against the estate of decedent in Iowa or successfully maintain an action against the heirs of Clarence Hinshaw and in support of this conclusion cite Rindfleisch v. Mundt, 247 Iowa 1124, 77 N.W.2d 643.

It appeared in the Rindfleisch case, supra, that on September 2, 1952, five passengers in an automobile driven by Gerald Rindfleisch on Highway 30 while passing through Glidden, Iowa, were injured when the Rindfleisch car collided with a car driven by Gus H. Mundt a resident of Carroll County, Iowa. On March 14, 1953, Mr. Mundt, died, but his death was not due to the accident. His will was filed, notice to creditors

posted on March 26, 1953, and his estate was administered in the Carroll County District Court. On August 31, 1954, the five passengers, residents of Wisconsin, who were injured on September 2, 1952, filed tort claims against his estate alleging circumstances which claimants insisted justified their failure to file their claims prior to the expiration of the statutory period.

In affirming the order of the trial court which dismissed the claims, the supreme court of Iowa cited section 635.68 of the Iowa Code and quoted therefrom to the effect that all claims not filed within six months from the giving of notice to creditors will be barred unless peculiar circumstances entitle the claimant to relief. The court then stated that up to the time that opinion was filed on June 19, 1956, there had been approximately sixty "peculiar circumstances" cases before that court and that about 40% of them were decided in favor of the presence of such circumstances. The court then went on to say that there have never been two cases exactly alike and that the question whether peculiar circumstances exist which permit the filing of claims after the expiration of the statutory limitation period depends upon the circumstances of each particular case. The court then held that before such claims could be allowed, the burden was on claimants to establish diligence or excuse lack of diligence, and the fact that claimants were nonresidents of Iowa, or had no notice of Mundt's death until August 31, 1954, or the fact that claimants were negotiating with Mundt's insurance carrier did not establish circumstances, under the code, so as to entitle claimants to equitable relief.

■ Under our statute of Frauds and Perjuries (Ill. Rev. St. Chap. 59 secs. 12, 13, 14) the legislature of this state has imposed a positive liability upon an heir for all the debts and claims and demands against the deceased ancestor, to the extent of the real estate received by such heir, if there were insufficient personal

assets for the payment of such debts and demands. (The Straus Bros. Co. v. Rush, 241 Ill. App. 216; People v. Brooks, 123 Ill. 246.) We do not find that the Iowa Code contains comparable provisions but in McClure v. Dee, 115 Iowa 546, 88 N. W. 1093 the supreme court of that state said that the provisions of the English statute, 3 & 4 W. & M. were part of the common law of Iowa. The court then said: "But irrespective of this statute, the provisions of our law making real property liable for the debts of the owner are in line of development of the common law principle to which we have adverted, and operate to impress such property with a trust to secure payment of the ancestor's debts when it is found in the hands either of an heir or devisee." In this state the English statute, 3 & 4 W. & M. forms the basis of our statute on Frauds and Perjuries which is legislation of a kindred character. (People v. Brooks, supra; Ryan v. Jones, 15 Ill. 1.)

In Baker v. Baker, 220 Iowa 1216, 264 N. W. 116, 103 A. L. R. 995 it appeared that J. H. Baker, a surety on a bond of a testamentary trustee, died in March 1924 leaving real and personal estate which passed to his widow under his will. On December 1, 1925 the final report of the executrix was approved and she was discharged. Thereafter she deeded the real estate to her children reserving a life estate to herself. In February 1933 she died. Marion Baker was sole beneficiary of the trust and he was to receive the corpus of the trust in April 1932 when he became of age. On October 17, 1933 the court entered an order finding that there was a substantial sum in the hands of the trustee and directing him to turn it over to the beneficiary Marion Baker. The trustee did not comply and Marion Baker thereupon instituted the instant proceeding seeking to recover the amount found to be due him. Defendants in this action were the living surety, the representative of the estate of the widow of the deceased surety and her children who were in possession of the real estate

which belonged to their father, the said deceased surety. The supreme court of Iowa affirmed that portion of the decree of the lower court which established and impressed a lien upon the real property of which J. H. Baker died seized and which was in possession of his heirs when the breach of the bond accrued and action thereon instituted.

Other cases are cited in appellant's brief where relief has been granted by the Iowa courts after estates have been settled and real and personal property belonging to a deceased ancestor had passed to an heir or devisee. We simply refer to them and to the Rindfleisch and Baker cases to show that there have been cases wherein the circumstances were such that the Iowa courts, long after the estate of a deceased ancestor has been fully settled, have impressed a lien in favor of a creditor upon real estate which formerly belonged to a deceased debtor and which had passed to his heirs or devisees. Whether there may be facts, if McCorkle or Osterhoff, become judgment creditors, which would entitle them to equitable relief in Iowa must await the decision of the Iowa courts but in our opinion there is a contingent possibility that appellant's property which passed to her upon her father's death might be involved. For that reason she rightfully considered herself aggrieved within the meaning of section 330 of the Probate Act and was entitled to appeal.

The judgment of the circuit court of Kane County is reversed and this cause is remanded to that court with directions to overrule the motion of appellee to dismiss the appeal and for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

SPIVEY and McNEAL, JJ., concur.