In the Matter of the Estate of Louis Kane, a/k/a Lewis Kane, Deceased.
Maurice Solar, Appellant-Executor, v. Mildred Kane, Appellee-Widow.

Gen. No. 48,328.

First District, First Division.

May 22, 1961.

Whitman and Goodman, of Chicago (Charles Whitman and M. Leonard Goodman, of counsel), for appellant.

Francis E. Powers, of Chicago (Francis E. Powers, Herbert P. Veldenz and Vera Cuthbert, of counsel), for appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court:

This is an appeal from an order denying the executor's petition for admission of a will to probate. The petition was dismissed on the ground urged by the decedent's widow that "the residence and domicile of the deceased at the time of his demise was Tucson, Arizona."

Assuming, but not deciding, decedent's domicile at the time of his death was in Arizona, the question is whether probate in Illinois was properly denied.

■ Our Supreme Court in Chicago Terminal Transfer R.R. Co. v. Winslow, 216 Ill. 166, 173, 74 N.E. 815 (1905), states: "While the rule, generally speaking, is that a will should be probated in the first instance at the testator's domicile, it is subject to the exception, which is almost as broad as the rule itself, that it may be probated in any county in any state where the testator had and left assets, particularly real estate." (citations omitted). This court, referring to that statement, in In re Estate of Nielsen, 320 Ill. App. 655, 659–60, 52 N.E.2d 44 (1943), said: "We find nothing in the provisions of the Illinois Probate Act . . . which indicates any legislative intention to change this rule." It went on to hold that a will executed in Illinois in conformity with the laws of Illinois and disposing of property situated therein to residents of Illinois, is admissible to probate in Illinois. See also Restatement, Conflict of Laws §§ 467 (b), 469, comment c (1934); Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606 (1941).

■ The Probate Act, section 55, provides: "For the purpose of granting administration of . . . estates of non-resident decedents, the situs of tangible per-

sonal estate is where it is located and the situs of intangible personal estate is where the instrument evidencing a debt, obligation, stock or chose in action happens to be . . . ." Ill. Rev. Stat. ch 3, § 207 (1959). The widow contends that, by virtue of that provision, In re Neilsen's Estate is inapplicable to the instant case because "no where in the record is there any affirmative proof or allegation of personalty having a situs in Cook County, Illinois." A bank account is a chose in action, People ex rel. Housing Authority v. Hursey, 7 Ill. 2d 537, 544, 131 N.E.2d 483 (1956), and the widow argues that the instrument evidencing a bank's obligation "would be the pass book."

■ The executor, in his verified petition for admission of the will to probate, alleged that decedent had personal estate in this state not to exceed $30,-000. In his answer to the widow's motion to dismiss he alleges that "decedent had assets in excess of . . . $10,000 . . . located in Cook County, Illinois at the time of his death." These allegations are not denied. And the widow's attorney told the court: "The property that we have in Illinois is a bank account at the Chicago Federal Savings and Loan." These admissions obviated the necessity of formal proof of the "situs" and the "pass book." Advance Elevator & Warehouse Co. v. Eddy, 16 Ill. App. 263 (1885); 34 I.L.P., Trial § 42 (1958).

Finally, the executor's verified motion to dismiss the widow's petition alleges that the will was executed in Illinois in conformity with Illinois laws, and that it disposed of property situated in Illinois to at least one resident of Illinois. This sworn statement of fact is not controverted by the widow in pleading, nor by evidence. The brief filed in this court in behalf of the widow does not effectively argue against the executor's contention that no controversy exists about these points.

472

We think that In re Nielsen's Estate controls our decision on the record before us. The case of In re Estate of Hinshaw, 19 Ill. App. 2d 239, 153 N.E.2d 422 (1958), is distinguished. There, reliance was upon a "contingent liability insurance contract" as the "local property or estate." There was no allegation that "decedent left any property which could be regarded as an asset in Illinois," or where any property was located, of what it consisted or any description of it. A verified pleading denied that decedent had any property in Illinois.

We hold that the proponent of the will was entitled to have it admitted to probate in Illinois and it was error for the court to dismiss the executor's petition for admission of the will to probate.

We have considered the only points relevant to our decision.

For the reasons given the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

MURPHY and BURMAN, JJ., concur.