The Estate of Julia Oppenheim, Deceased.
Harriet Sikorowski, Petitioner-Appellant, v. Joseph Perrye, Executor, and Seidner & Seidner, Respondents-Appellees.

## Gen. No. 50,312.

First District, First Division.

October 4, 1965.

Irving Eisenberg and Paul I. Baikoff, of Chicago, for appellant.

Seidner and Seidner, of Chicago, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a citation proceeding in the estate of a deceased person (Ill Rev Stats 1963, c 3, § 183). Petitioner, Harriet Sikorowski, appeals from a Probate Division order, which quashed a citation summons and denied her petition. She contends there never has been a hearing on the merits of the allegations of her petition. Respondents assert estoppel by verdict and laches.

The decedent, Julia Oppenheim, died testate on June 25, 1960, and Joseph Perrye was appointed executor on March 24, 1961. On March 16, 1961, during the pendency of the petition for the admission of decedent's will, petitioner, as an heir at law, together with two other heirs at law, filed a petition for leave to file interrogatories instanter, and that Joseph Perrye and Seidner & Seidner, his attorneys, be directed to answer the interrogatories in writing and under oath—"all in the interest of conservation and

protection of all assets of the within Estate." The interrogatories sought information as to a check for $3,592.26, alleged to have been received by Seidner & Seidner on behalf of the decedent "on or about March 2, 1959," and $1,200 received by Perrye for her funeral expenses. Both respondents filed motions to dismiss, primarily on the basis that the interrogatories were premature, in that letters testamentary had not yet been issued and no inventory was filed.

On April 4, 1961, a supplemental petition was filed by the petitioners, which sought (1) to vacate the order of March 24, 1961, appointing Joseph Perrye as executor, and (2) leave to file photostatic copies showing that the attorneys for Joseph Perrye in March, 1959, received a check on behalf of the decedent for $3,592.26, which was deposited in their bank account.

On April 28, 1961, an order was entered which recites "that the motion and supplemental petition . . . to vacate the order appointing Joseph Perrye, as Executor of the estate of Julia Oppenheim, Deceased, and to file certain papers and documents be and the same hereby is overruled and denied. It is further ordered that the amount of the bond on appeal from this order be and the same hereby is fixed at Two Hundred and Fifty ($250.00) Dollars." A separate order was entered on the same day, which recites that the court "heard the arguments of counsel for all parties, . . . and being further fully advised in the premises . . . the said petition together with the interrogatories aforementioned be and the same hereby are dismissed."

On May 23, 1961, petitioners proffered an appeal bond covering both April 28, 1961, orders, and the Probate Judge disapproved the bond on its face on that day. A mandamus petition filed on June 2, 1961, to compel the acceptance and approval of this bond was dismissed for failure of petitioners to show that they had filed their appeal bond within 20 days. An

appeal to this court was unsuccessful (Houswerth v. Seidel, 47 Ill App2d 112, 197 NE2d 271, opinion filed March 12, 1964), and leave to appeal to the Supreme Court was later denied.

An inventory was filed and approved on August 9, 1961, and a first current account was filed on February 26, 1962.

On September 4, 1964, without notice, a citation to discover assets was issued on the petition of Harriet Sikorowski, directing the respondents, Joseph Perrye, the executor, and Seidner and Seidner, his attorneys, to appear to be examined "as to assets that you may have or have information concerning same and which assets belong to the estate of Julia Oppenheim and have not been included in the inventory filed in this estate."

On September 17, 1964, respondents filed motions to dismiss the citation on the grounds (1) that the citation petition was barred by estoppel by verdict, in that "the same controlling alleged fact or question material to the determination of the said citation and citation petition" had been adjudicated adversely to petitioner in a former proceeding in the estate between the same parties; and (2) that the citation proceedings "are barred by reason of laches" because "petitioner has sat by idly for a period of almost four years while this estate has been pending . . . without filing any citation petition relating to the alleged matters hereinbefore and in said citation above set forth, although her supplemental petition . . . filed herein on April 4, 1961, over three years ago, shows that she had at that time the alleged information she now claims to have. In fact, the same exhibits attached to the April 4, 1961 supplemental petition are attached to the citation petition. . . . [T]he litigation commencing with the supplemental petition filed April 4, 1961 aforementioned had been pending for almost four years

287

while petitioners maintained litigation in the Circuit Court of Cook County, the Appellate Court and the Supreme Court of Illinois. In defense thereof, the gross estate of $2,040.00 has been depleted now to less than $1,103.00."

Petitioner answered the motions to dismiss and alleged that she had not "sat idly by as contended in said motion, but has diligently, at heavy cost, pursued her rights of mandamus and appeal, through the Courts of this State" and that "the only matter that has been adjudicated in the Probate Court has been the appointment of Perrye as Executor, and the subsequent litigation in the Circuit Court, Appellate and Supreme Courts involved the Appeal Bond to the Circuit Court." She additionally alleged that the litigation had nothing to do with the citation proceedings and that no hearing had been had as to the assets mentioned in the citation.

On September 25, 1964, an order was entered which states that "the court having heard the said motions and the answer thereto . . . the Citation Summons above mentioned is hereby quashed and the Citation Petition of Harriet Sikorowski be and the same is hereby denied." On October 14, 1964, the court denied a "petition for a rehearing" of the order entered on September 25, 1964. This petition contains a factual resume of the various steps taken by petitioner, commencing March 16, 1961, in an attempt "to determine what happened" to the again listed assets of decedent. This is the order from which petitioner appeals.

We note here that the record shows the first current account, previously filed on February 26, 1962, was approved without objection on December 8, 1964, and a second and final account, filed on November 17, 1964, was also approved on December 8, 1964, over objections filed by petitioner. Since the orders of approval of these accounts were entered within the statutory time provided for this instant appeal, these

288

orders are subject to the determination of the issues presented on appeal.

■■ We consider first the contention of "estoppel by verdict." Respondents argue that the orders of April 28, 1961, and the order of September 25, 1964, dismissing the citation proceedings "show on their face that they were entered on the merits." No report of these proceedings is contained in the record on appeal. Authorities cited include Calumet Fed. Sav. & Loan Ass'n of Chicago v. Markman, 50 Ill App2d 430, 200 NE2d 419 (1964), and Ewert v. Ewert, 41 Ill App2d 161, 190 NE2d 147 (1963), to show that in the absence of a report of proceedings in the trial court, the statements in the orders entered on April 28, 1961, "the Court having heard all the arguments of counsel . . . and being further fully advised in the premises . . . ," carry the implication that whatever evidence was necessary to support the orders of the court had been presented to it. We agree with this premise, but an examination of the orders of April 28, 1961, shows that neither order, on its face nor inferentially, makes any determination as to the question of alleged assets. One order denied the petition to vacate the appointment of the executor, and the other order denied the request for interrogatories.

The order of September 25, 1964, which quashed the citation summons and denied the citation petition, shows that the order was entered on the motions to dismiss and the answer of petitioner. The motions related all of the previous proceedings and asserted laches and estoppel by verdict. The order recites nothing about a hearing on the question of alleged assets. We find no estoppel by verdict here.

■ We consider next the charge of laches. We fully agree with respondents (1) that one of the problems of the Probate Division "is enforcing the statutory requirement of closing estates"; (2) that this

record demonstrates the basic requirement that the Probate Act "was to be construed liberally to the end that controversies and rights may be speedily and finally determined, and the court was given the power to enforce the settlement of estates" (Ill Rev Stats 1963, c 3, §§ 9, 291); and (3) that courts should "exercise their inherent powers and invoke dismissal as a sanction in situations involving disregard by parties of orders, rules or settings." (Robertson v. Western Bearings Co., 50 Ill App2d 173, 200 NE2d 48 (1964).) We further agree, as stated by respondents, "If she [petitioner] believed that the question of alleged assets was not adjudicated on the merits and that she was not estopped, she would have filed her citation promptly after the orders of April 28, 1961 and avoided the mandamus action and subsequent appeals as unnecessary with the resultant depletion of the estate."

[4-7] However, we are not persuaded that the doctrine of laches applies here. Considering this record, we think it apparent that petitioner erroneously believed, as is now contended by respondents, that the orders of April 28, 1961, did adjudicate the question of the alleged assets, and that ultimate success in the mandamus proceeding was necessary to proceed with the hearing on the merits of her charges. Diligent pursuit of the wrong remedy does not establish laches. As said in Southern Pacific Co. v. Bogert, 250 US 483, at pp 488–490:

"But the essence of laches is not merely lapse of time. It is essential that there be also acquiescence in the alleged wrong or lack of diligence in seeking a remedy. Here plaintiffs, or others representing them, protested as soon as the terms of the reorganization agreement were announced; and ever since, they have with rare pertinacity and undaunted by failure persisted in the diligent pursuit

of a remedy. . . . failure, long continued, to discover the appropriate remedy, though well known, [does not] establish laches where there has been due diligence and, as the lower courts have here found, the defendant was not prejudiced by the delay."

In this case the respondents, who have had charge of this estate for four years, either do or do not have information about or possession of the alleged assets of the decedent, and this question should be determined by the court. We fail to see how the mistake of the petitioner in pursuing the wrong remedy has prejudiced respondents. The quest for the assets of the estate of a deceased person is at times very difficult and so important that it calls for the use of a liberal construction of the powers of the court in the aid of an attempt to secure information or recovery of the assets.

Therefore, in the absence of anything affirmative in this record to show that there was a hearing on the merits of the question of the alleged assets, the order quashing the citation summons and dismissing the petition for citation is reversed and the Probate Division of the Circuit Court is directed to proceed with a hearing as to the merits of the citation.

Reversed.

BURMAN, P. J. and KLUCZYNSKI, J., concur.