In the Matter of the Estate of Peggy Buck Hansen, Deceased.

General Finance Corporation, a Corporation, Plaintiff-Appellant, v. Albert R. Hansen, Individually and as Executor of the Estate of Peggy Buck Hansen, Deceased, Lynn Hansen, Nancy Hansen Anderson, Lorna Hansen Barnes and Wendy Hansen Hahn, Defendants-Appellees.

Gen. No. 51,833.

First District, Second Division.

April 8, 1969.

284

Louis P. Yangas and Stanley Werdell, of Chicago, for appellant.

Lord, Bissell & Brook, and Kenoe & Fine, of Chicago (Fred Louis and Rodney R. McMahan, of counsel), for appellees.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Plaintiff, General Finance Corporation, appeals from an order of the Probate Division of the Circuit Court of Cook County dismissing its amended and supplemental complaint and an amendment thereto. Plaintiff's final pleading consisted of six counts and sought to set aside

an order of the Circuit Court granting one of the defendants, Albert Hansen, leave to spread of record his disclaimer to any property to which he may have been entitled under the will being probated, to set aside the disclaimer as being executed in fraud of creditors, a decree that the disclaimer did not effect real property in a foreign jurisdiction, a finding that Illinois did not have jurisdiction over the estate of Peggy Buck Hansen since she was not a resident of Illinois, and that the estate was opened in Illinois fraudulently and under false pretenses.

Count I of the complaint alleged that on August 16, 1963, the plaintiff had obtained a judgment against Albert Hansen, one of the defendants, in Green Lake County, Wisconsin, in the amount of $20,250 and that execution on said judgment was returned not satisfied. At the time of entry of the judgment, Albert Hansen was married to Peggy Buck Hansen. The latter died testate on January 4, 1965, and was seized of certain real estate located in Green Lake County, Wisconsin. Albert Hansen filed an application for letters testamentary on February 19, 1965, in the Circuit Court of Cook County. On March 10, 1965, letters testamentary were issued and the will was admitted to probate. The table of heirship listed the decedent's heirs as her husband and four daughters. The will provided that Albert Hansen be executor; that he should receive one-third of the estate; and that the four daughters should receive the residue in equal shares. On May 12, 1965, an order was entered in the Circuit Court of Cook County granting leave to Albert Hansen to spread of record his disclaimer to any interest in the estate of Peggy Buck Hansen. On May 24, 1965, plaintiff filed a complaint in Cook County against Albert Hansen on his indebtedness, but was unable to obtain service. Still unable to obtain execution on its Wisconsin judgment, plaintiff was given leave in Cook County to withdraw its complaint and to register its foreign judgment

against Albert Hansen. On March 18, 1966, a final judgment was entered in Cook County. Neither of those judgments, based upon the same indebtedness, has been satisfied in whole or in part. Plaintiff went on in Count I to claim that the order entered in Cook County allowing Albert Hansen to spread of record his disclaimer should be vacated because plaintiff did not have notice of the order thus violating its constitutional rights to due process.

The subsequent five counts adopted paragraphs one through eighteen of Count I. Count II further alleged that Albert Hansen's disclaimer was a fraud against his creditors, in violation of Ill Rev Stats 1963, c 59, § 4, and that the disclaimer was filed in the Wisconsin courts with the fraudulent intent of destroying plaintiff's judgment lien in that State. Plaintiff further alleged that the disclaimer constituted a voluntary conveyance and was subject to attack by creditors.

In Count III the plaintiff further alleged that Albert Hansen was vested of one-third interest in the Wisconsin real estate immediately upon the death of his wife, regardless of whether she died testate or intestate, and the Illinois court did not have the authority to grant leave to spread of record the disclaimer inasmuch as it applied to real estate located in Wisconsin.

In Count IV, plaintiff further alleged that the Illinois statute dealing with disclaimers (Ill Rev Stats 1963, c 3, § 15) is in derogation of the common law and must be strictly construed, and that consequently reference to "heir" in that section does not include a "surviving spouse." Plaintiff further claimed that the word "heir" is not synonymous with "surviving spouse" since the latter term connotes additional rights and privileges under the Probate Act. Thus under either theory Albert Hansen was not an "heir" and could not disclaim his inheritance.

287

Count V of the complaint alleged that Albert Hansen fraudulently and through misrepresentation opened Peggy Buck Hansen's estate in the Circuit Court of Cook County in violation of section 54 of the Probate Act in order to obtain an order granting leave to spread his disclaimer of record; and that one or more of the codefendants, his daughters, entered into a conspiracy with Hansen to defraud the plaintiff out of the payment of the aforesaid judgment. Count V further alleged that all orders of the Circuit Court were void and the court had no jurisdiction because: decedent had no real estate or mansion house in Illinois; she had no place of residence in Illinois; and approximately 96 percent of her estate was located in Green Lake, Wisconsin, at the time of her death. Plaintiff further claimed that, had the true facts been set out in the application for admission of the will to probate, the Illinois court would not have issued letters testamentary. Plaintiff further alleged that the petition for the admission of the will was false in that it gave decedent's address as 12 South Michigan Avenue, Chicago, the location of the Chicago Athletic Association, of which decedent was not a member. She did not reside at that address, and she was hospitalized and died in Wisconsin. Inventories filed in both Illinois and Wisconsin courts showed that the deceased had total assets of $65,650.25 in Wisconsin and $190 in Illinois. Plaintiff alleged further that, upon information and belief, the inventory filed in the Circuit Court of Cook County was false, since the location of the inventoried items in Illinois was not disclosed. Plaintiff in Count V prayed that the court find that it did not have jurisdiction to admit the will to probate because allegations of deceased's residence were false, because she did not possess any real estate in Illinois and because 96 percent of her estate was located in Wisconsin.

In Count VI, in addition to adopting paragraphs one through eighteen of Count I, plaintiff also adopted the

paragraphs set forth above in Count V. Plaintiff further alleged in Count VI that on May 11, 1965, ancillary probate proceedings were filed in Green Lake County, Wisconsin. Certified and exemplified copies of decedent's will and Albert Hansen's disclaimer were filed in those proceedings. The petition filed in Wisconsin indicated that the deceased was a resident of Chicago at the time of her death, but an affidavit of one of her daughters stated that deceased was a Wisconsin resident at the time of death. A final account was filed in the ancillary proceedings on October 18, 1965 stating that decedent did not own any real estate or tangible personal property outside Wisconsin. A letter from the attorney of record in Wisconsin to the Wisconsin Department of Taxation stated that the deceased was a resident of Chicago, Illinois, but had no estate in Illinois. Another letter signed by the Public Administrator in Wisconsin stated that decedent was a resident of Green Lake County, Wisconsin, at the time of her death. Plaintiff further alleged that, without notice to plaintiff defendants conveyed all of their interest in the aforementioned real estate to a third party and that these conveyances were effectuated through the fraudulent collaboration of all of the defendants with the intent of defeating any interest plaintiff may have had in the real estate. Plaintiff further alleged that the probate proceedings instituted in the Circuit Court of Cook County constituted a fraud by defendants upon the court and upon the plaintiff.

A motion to strike and dismiss was allowed by the trial court and this appeal follows. The issue presented to this court is the sufficiency of General's complaint.

Plaintiff contends in Count I that the order of of the Circuit Court of Cook County granting leave to Albert Hansen to spread his disclaimer of record violated its constitutional rights to due process of law, since plaintiff was not given notice of the proceedings. In proceedings for the admission of a will to probate, notice is

289

required only to be given to heirs and legatees of the deceased. McGee v. Vandeventer, 326 Ill 425, 158 NE 127 (1927). This entire matter arose in the course of the probate of the estate of Peggy Buck Hansen. Plaintiff was not a creditor of that estate nor did it ever assert any claim against the decedent during her lifetime. It is clear that plaintiff was not entitled to notice of any proceedings prior to filing its complaint nor was Albert Hansen required to give notice to his creditors that he was disclaiming all interest in his wife's estate. As will be discussed further in this opinion, no person can be required to accept any devise or bequest. People v. Flanagin, 331 Ill 203, 162 NE 848 (1928). The method and requirements of filing a disclaimer are set forth in section 15b and c of the Probate Act (Ill Rev Stats 1963, c 3, § 15b and c). Section 15b requires that the disclaimer describe the interest to be disclaimed and be properly signed and acknowledged. Albert Hansen complied with the requirements of the Probate Act. The document was in proper form and was filed within 10 months after decedent's death as required. Plaintiff has in no way been denied due process by virtue of the fact that it did not get notice of the disclaimer.

█ In Count II, plaintiff argues that the disclaimer was a fraud upon creditors, in violation of Ill Rev Stats 1963, c 59, § 4, which provides as follows:

> "Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons."

Section 15d of the Illinois Probate Act provides in part as follows:

> "Unless the decedent or donee of the power has otherwise provided by will, the property or interest therein or part thereof disclaimed . . . shall descend or be distributed . . . . In every case the disclaimer shall relate back for all purposes to the date of death of the decedent of the donee . . . ."

While certain jurisdictions have held that a person's right to disclaim an interest under a will is limited where the rights of creditors are involved, In re Kalt's Estate, 16 Cal2d 807, 108 P2d 401 (1940), Illinois cases decided prior to the passage of the above disclaimer statute established the rule that a party does not have to accept an estate against his will, and that a disclaimer prevented passage of title to the disclaimant. In People v. Flanagin, 331 Ill 203, 162 NE 848 (1928), the Illinois Supreme Court stated at page 208:

> "In these cases the rule is announced that the renunciation relates back to the moment when the gift was made, so that the estate does not vest but remains in the original owner precisely the same as if the will or deed had never been executed, or passes under the instrument, according to its terms, to another, (citation omitted) and that a renunciation is not a voluntary conveyance and is not subject to attack by creditors."

In Count III plaintiff contends that the Circuit Court of Cook County did not have the power to spread of record a disclaimer which affected real estate located in another jurisdiction.

Although the general rule is that a court must have jurisdiction over land to affect its rights, this is not

always true in those cases where the court has in personam jurisdiction and the equitable powers of the court are invoked. Bevans v. Murray, 251 Ill 603, 96 NE 546 (1911). In Gordon v. Gordon, 6 Ill2d 572, 129 NE2d 706 (1955), the Illinois Supreme Court held that if the rights sought to be adjudicated did not require the court to deal with the real estate itself, the court had jurisdiction to adjudicate such rights if it had all parties and interests before it.

The disclaimer filed and spread of record did not purport to deal directly with any real estate; rather it involved the rights of the heirs and devisees of Peggy Buck Hansen's will. Moreover the will and disclaimer were filed in the ancillary proceedings in Wisconsin and there given validity and effect. The rights of all the heirs and legatees in relation to the real estate were thus ascertained in the Wisconsin proceedings.

We find no merit in plaintiff's contention in count IV, that since section 15b of the Probate Act sets forth the persons who can avail themselves of the right to disclaim as "heir, next of kin, devisee, legatee" and omits the term "surviving spouse," Albert Hansen had no authority to file a disclaimer of his wife's estate. While we believe him to be an heir within the meaning of the statute, he certainly was a devisee of the will and thus qualified as one authorized to disclaim an interest.

In Count V of its complaint, plaintiff contends that the Circuit Court of Cook County lacked jurisdiction to probate the will because defendants violated section 54 of the Illinois Probate Act. However plaintiff's reliance on section 54 is misplaced. That section recites in part as follows:

"When the will of a testator is probated . . . in this State, the probate or the administration shall be in the court of the county determined as follows . . . ."

292

In the case of In re Willavize's Estate, 21 Ill2d 40, 171 NE2d 21 (1960), our Supreme Court stated at page 43:

"Section 54 of the Probate Act must be considered to be a venue provision, making provision for the administration of estates in certain counties dependent upon the existence of certain circumstances as therein related. This section is not one of jurisdiction but one of venue."

The general rule in most jurisdictions is that a will of a nonresident decedent may be admitted to probate if the decedent had property within the state. 95 CJS, Wills, § 352. See In re Estrem's Estate, 16 Cal2d 563, 107 P2d 36 (1940), where the Supreme Court of California stated this rule is based upon the fact that ". . . every state has plenary power with respect to the administration and disposition of all property of deceased persons found within the jurisdiction." (At page 38.) Accord, In re Holden's Estate, 110 Vt 60, 1 A2d 721 (1938).

 Illinois decisions are in accord with the rule that a nonresident decedent's will may be probated if he has left property, real or personal within the state. In re Nielsen's Estate, 320 Ill App 655, 52 NE2d 44 (1943); In re Kane's Estate, 30 Ill App2d 470, 175 NE2d 290 (1961). Plaintiff cites Davis v. Upson, 230 Ill 327, 82 NE 824 (1907) in support of its proposition that the Circuit Court of Cook County did not have jurisdiction in the instant case. However, in that case the court held that since decedent had no property in Illinois, Illinois was without jurisdiction to probate the will. We hold that any amount of property located in Illinois capable of distribution under the will is sufficient to confer jurisdiction upon our courts to admit a will to probate.

In Count VI, plaintiff contends that the orders of the Circuit Court of Cook County were void because they were obtained through fraud and false pretenses.

■■ In People v. Gilmore, 345 Ill 28, 177 NE 710 (1931), our Supreme Court stated as follows at page 46:

"Fraud includes anything calculated to deceive, whether it be a single act or a combination of circumstances, whether the suppression of truth or the suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture . . . . If fraud be proved it vitiates all transactions touched by it, . . . ."

■■ We recognize the rule that fraud must be pleaded with specificity, particularity and certainty. Horan v. Blowitz, 13 Ill2d 126, 148 NE2d 445 (1958), Hardy v. Bankers Life & Casualty Co., 19 Ill App2d 75, 153 NE2d 269 (1958). An allegation of fraud, conspiracy or collusion must show the facts on which the allegation is based, not mere conclusions of the pleader.

■ Under the foregoing criteria, we find that Count VI is sufficient to state a cause of action as to fraud. Plaintiff had charged that an estate has been opened in Illinois for a nonresident who had no property in Illinois. In support of that contention, plaintiff has set forth that one of decedent's daughters made an affidavit that her mother was a resident of Wisconsin at the time of her death; that the final account filed in Wisconsin stated that decedent had no tangible personal property outside Wisconsin; that counsel of record in the Wisconsin proceedings wrote that decedent had no estate in Illinois; that a public administrator in Wisconsin wrote that of his own knowledge decedent was a resident of Wisconsin; that the petition for letters testamentary gave a false address for the decedent; and that the inventory filed in the Circuit Court was false. We have stated that any amount of property located in Illinois capable of distribution under the will is sufficient to confer jurisdiction in

Illinois, but if plaintiff is able to prove that decedent was a nonresident without any estate in Illinois, the orders of the Circuit Court would be void.

 Whether plaintiff will be able to prove its charge of fraud is not for us to decide. We express no opinion as to its validity for in deciding the motion to dismiss the complaint we must accept as true the fact allegations of the complaint as well as reasonable inferences which can be drawn from those facts. Rhodes Pharmacal Co. v. Continental Can Co., 72 Ill App2d 362, 219 NE2d 726 (1966). We find these allegations sufficient to entitle plaintiff to the opportunity to be heard on its fraud count.

For the foregoing reasons, the order of the Circuit Court of Cook County striking and dismissing Counts I through V of plaintiff's complaint is affirmed. The order striking and dismissing Count VI is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.

Order affirmed in part and reversed in part, and cause remanded.

LYONS, P. J. and BURKE, J., concur.