**Robert L. HOECKER, Trustee in Bankruptcy of Anthony Colacci, Plaintiff,**

**v.**

**UNITED BANK OF BOULDER, Administrator C.T.A. of the Estate of Mike Colacci, a/k/a Michael Archangelo Colacci, et al., Defendants.**

**Civ. A. No. C–3152.**

United States District Court,
D. Colorado.

Dec. 8, 1971.

Frederick T. Berhenke, Denver, Colo., for plaintiff.

Paul A. Dupler, Boulder, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CHILSON, Judge.

This matter is before the Court upon the defendants' motion to dismiss for failure of the complaint to state a claim upon which relief can be granted.

The complaint alleges that on March 4, 1970, Michael Colacci, the father of the defendants, Anthony and Joseph Colacci, died, domiciled in Boulder County, Colorado, leaving a will in which he left all of his property to his two sons, Anthony and Joseph, in equal shares. The will also provided that should either of the sons predecease the testator, the share that would have gone to the deceased son would go to that son's children, *per stirpes*.

At the time of the death of the testator, Colorado Revised Statutes, 1963, 153–5–43 as amended in 1965, provided in pertinent parts:

"Disclaimer—filing period.—(1) Any person who may be entitled to receive any property - - - under any will - - - shall have the right to disclaim irrevocably the whole or any part of such property - - -."

"(2) (a) In the case of an interest receivable under a will - - - if such disclaimer is made in writing and filed in the county court in which the estate is pending not later than six months after such will has been admitted to probate, - - - such disclaimer shall be made retroactive to the decedent's death, and in such case, such property - - - so disclaimed shall pass in the same manner as if the person so disclaiming had predeceased such decedent, unless otherwise provided by the will in which case the will shall be controlling."

"(5) Unless a disclaimer under subsection (1) of this section is filed or delivered within the six months' period to make it retroactive to decedent's death - - - then such disclaimer shall be construed as an assignment of the interest disclaimed to those persons who would be entitled to take had the person disclaiming predeceased such decedent - - -."

On August 27, 1970, and within the six-months' period provided by the foregoing statute, Anthony executed and filed such a disclaimer with the District Court of Boulder County, Colorado, the court having jurisdiction of the administration of the estate of Mike Colacci.

Less than one year after executing and filing the disclaimer, Anthony was adjudged a bankrupt and the plaintiff who was appointed Trustee brought this action to recover for the bankrupt estate, the property which Anthony would have received from his father's estate if he had not executed and filed the disclaimer. The theory of plaintiff's claim is that the disclaimer constituted a transfer of an interest in property without fair consideration and, under the

Bankruptcy Act,[1] is fraudulent as to creditors and should be set aside.

So far as here pertinent a "transfer" is defined in the Act as the transfer of property or an interest therein.[2]

The plaintiff admits that the question of whether or not the disclaimer is or is not a transfer of property or an interest therein, is to be determined by Colorado law. There appears to have been no construction of the disclaimer statute by the courts of the State of Colorado, which bears upon the question here involved. We are satisfied, however, that if this question were before the Colorado Supreme Court, it would adopt the construction that the disclaimer was not a transfer of property or an interest therein, for the reasons which follow.

The disclaimer statute provides that if the disclaimer is filed within the six-months' period "such disclaimer shall be made retroactive to the decedent's death, and in such case, such property - - - so disclaimed, shall pass in the same manner as if the persons so disclaiming had predeceased such decedent - - -."

Section 5 of the statute provides that a disclaimer filed after the six-months' period shall be construed as an assignment of the interest disclaimed to those persons who would be entitled to take had the person disclaiming predeceased such decedent.

■ The wording of the statute evidences the legislative intent that a disclaimer filed within the six-months' period is not a transfer of an interest in the property of the estate, but that a disclaimer filed after the six-months' period is a transfer of such property.

In 1969, the Appellate Court of Illinois construed a similar statute[3] in the case of In Re Estate of Hansen, 109 Ill. App.2d 283, 248 N.E.2d 709.

In *Hansen*, the plaintiff, among other things, sought to set aside the disclaimer filed by the husband in his deceased wife's estate as a fraud upon creditors. In sustaining the trial court's dismissal

---

1. "Every transfer made and every obligation incurred by a debtor within one year prior to the filing of a petition initiating a proceeding under this title by or against him is fraudulent (a) as to creditors existing at the time of such transfer or obligation, if made or incurred without fair consideration by a debtor who is or will be thereby rendered insolvent, without regard to his actual intent." 11 U.S.C. § 107(d) (2).

2. "Transfer" shall include the sale and every other and different mode, direct or indirect, of disposing of or of parting with property or with an interest therein or with the possession thereof or of fixing a lien upon property or upon an interest therein, absolutely or conditionally, voluntarily or involuntarily, by or without judicial proceedings, as a conveyance, sale, assignment, payment, pledge, mortgage, lien, encumbrance, gift, security, or otherwise; the retention of a security title to property delivered to a debtor shall be deemed a transfer suffered by such debtor. 11 U.S.C. § 1(30).

3. § 15b. An heir, next of kin, devisee, legatee, person succeeding to a disclaimed interest, beneficiary under a testamentary instrument or person designated to take pursuant to a power of appointment exercised by a testamentary instrument may disclaim in whole or in part the succession to any property, real or personal, or interest therein by filing a written instrument within the time and at the place hereinafter provided. The instrument shall (i) describe the property or part thereof or interest therein disclaimed, (ii) be signed and acknowledged by the disclaimant in the manner provided for the execution of deeds of real estate and (iii) declare the disclaimer and the extent thereof. 1939, July 24, Laws 1939, p. 4, § 15b, added 1961, May 19, Laws 1961 p. 520, § 1.

§ 15d. Unless the decedent or donee of the power has otherwise provided by will, the property or interest therein or part thereof disclaimed as provided in Section 15b and 15c of this Act shall descend or be distributed as if the disclaimant had predeceased the decedent, or if the disclaimant be one designated to take pursuant to a power of appointment exercised by a testamentary instrument, then as if the disclaimant had predeceased the donee of the power. In every case the disclaimer shall relate back for all purposes to the date of death of the decedent or the donee, as the case may be.

of the claim, the Appellate Court of Illinois stated:

"In Count II, plaintiff argues that the disclaimer was a fraud upon creditors, in violation of Ill.Rev.Stat.1963, Ch. 59 § 4 which provides as follows:

'Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons.'

"Section 15d of the Illinois Probate Act provides in part as follows:

'Unless the decedent or donee of the power has otherwise provided by will, the property or interest therein or part thereof disclaimed * * * shall descend or be distributed * * *. In every case the disclaimer shall relate back for all purposes to the date of death of the decedent of the donee * * *.'

"While certain jurisdictions have held that a person's right to disclaim an interest under a will is limited where the rights of creditors are involved, In re Kalt's Estate, 16 Cal.2d 807, 108 P. 2d 401, 133 A.L.R. 1424 (1940), Illinois cases decided prior to the passage of the above disclaimer statute established the rule that a party does not have to accept an estate against his will, and that a disclaimer prevented passage of title to the disclaimant. In People v. Flanagin, 331 Ill. 203, 162 N.E. 848 (1928), the Illinois Supreme Court stated at page 208, 162 N.E. at page 850:

'In these cases the rule is announced that the renunciation relates back to the moment when the gift was made, so that the estate does not vest, but remains in the original owner precisely the same as if the will or deed had never been executed, or passes under the instrument, according to its terms, to another, (citation omitted) and that a renunciation is not a voluntary conveyance and is not subject to attack by creditors.' "

We agree with the reasoning of *Hansen* and we conclude that the disclaimer in the instant case, is not a transfer of property or an interest therein, and the motion to dismiss the complaint for failure to state a claim upon which relief can be granted should be sustained.