*In re* ESTATE OF SYLVIA HOFFMAN, Deceased—(ALBERT HOFFMAN, Respondent-Appellant, *v.* ISRAEL DORDEK *et al.,* Petitioners-Appellees.)

(No. 55953;

First District—June 30, 1972.

Sheldon Belofsky, of Chicago, for appellant.

Richard G. Kahn, of Chicago, for appellees.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This appeal is taken by Albert Hoffman, a brother and heir of decedent, Sylvia Hoffman, from an order denying his motions to strike an amended petition of Israel Dordek, the named executor under decedent's will, for Letters Testamentary and ordering the issuance thereof.

On April 8, 1969, Sylvia Hoffman, whose place of residence and domicile was Miami Beach, Florida, died testate, leaving a will dated February 1, 1961. The will was admitted to probate June 12, 1969, in Dade County, Florida. Her estate was opened and administered by a court-appointed administrator in that State.

After several preliminary matters had been disposed of, Israel Dordek, the named executor in the will of decedent, filed an amended petition

for the issuance of Letters Testamentary to himself, stating that decedent's estate in Illinois consisted of an alleged asset in the form of a trust listed on decedent's tax returns as Trust No. 33, with Albert Hoffman, Trustee, 11 South LaSalle Street, Chicago, Illinois. The petitioner asked the court to determine if appellant, Albert Hoffman, had fully accounted to his sister during her lifetime, and stated in conclusion: "approximate value of the estate in this State: cause of action against Albert Hoffman of which the value is not known at this time."

The sole issue presented on appeal is whether the petition's allegation just quoted is sufficient to comply with Section 55 of the Probate Act which requires that there be tangible or intangible personal property located within the court's jurisdiction to permit the issuance of Letters Testamentary for the estate of a nonresident decedent. That statute provides:

"§ 55. *Situs of Personal Estate of Nonresident Decedent or Missing Person.* For the purpose of granting administration of both testate and intestate estates of nonresident decedents or of estates of nonresident missing persons, the situs of tangible personal estate is where it is located and the situs of intangible personal estate is where the instrument evidencing a share, interest, debt, obligation, stock or chose in action is located or where the debtor resides, if there is no instrument evidencing the debt, obligation, or chose in action in this state." Ill. Rev. Stat. 1969, ch. 3, par. 55.

■■ There is no question but that a foreign will may be admitted to probate in any State where a decedent's assets can be found. (*In re Nielsen's Estate,* 320 Ill.App. 655, 659, 52 N.E.2d 44; *Chicago Terminal R.R. Co. v. Winslow,* 216 Ill. 166, 172, 74 N.E. 815.) Any amount of property located in Illinois capable of distribution in Illinois shall be considered an asset and is sufficient to confer jurisdiction upon our courts to admit a will to probate. (*In re Estate of Hansen,* 109 Ill.App.2d 283, 293, 248 N.E.2d 709.) And in making this determination, our courts must take a liberal view in permitting a court-sponsored search for such assets. As stated in *In re Oppenheim's Estate,* 63 Ill.App.2d 284, 291, 211 N.E.2d 403, by way of dicta in a citation proceeding:

"The quest for the assets of the estate of a deceased person is at times very difficult and so important that it calls for the use of a liberal construction of the powers of the court in the aid of an attempt to secure information or recovery of the assets."

■■ Our courts have recognized that a "cause of action" against an Illinois resident, though of presently undetermined value, may constitute an asset of an estate. (See *Furst v. Brady,* 375 Ill. 425, 432, 31 N.E.2d 606.) *In re Estate of Lawson,* 18 Ill.App.2d 586, 592, 153 N.E.2d 87, held

that a cause of action against an Ohio insurer by a non-Illinois insured, killed in Illinois, had a proper situs in Illinois. Decedent's right to protection, coupled with the right to enforce the policy in Illinois, where the accident occurred, rendered the policy an asset of her estate with situs in Illinois even though the amount of recovery from the insurance company was as yet unknown. The underlying rationale of *Furst* and *Lawson*, which applies as well in the instant case, is that jurisdiction of the Illinois courts is proper for the purpose of asserting a claim against an Illinois resident because decedent, if living, would have had such a cause of action, which, by his death, has passed to his personal representative. (See *In re Estate of Peters*, 34 Ill.2d 536, 539, 217 N.E.2d 3.) Thus, to determine the validity of the cause of action against the trustee and trust located in Illinois, a representative of decedent must be appointed by the court; otherwise, it would be impossible for petitioner to determine if decedent had a meritorious claim against the trustee. Since the ultimate determination of success or failure of petitioner's claim rests with the trial court, our decision merely recognizes that for purposes of section 55 of the Probate Act (Ill. Rev. Stat. 1969, ch. 3, par. 55), the existence of a cause of action for accounting against an Illinois resident, even though of unknown value, may be considered an intangible asset of decedent's personal estate.

■■ Appellant argues at some length that the petition's description of the cause of action is too vague, uncertain, and insufficient in statements of fact. We think not, as it appears from the circumstances of the case that it could hardly have been described otherwise under the circumstances.

■■ Appellant also insists that the instant proceedings are improper because the cause of action, if any, reposes in the Florida-appointed representative of decedent who would have direct access to the courts of Illinois. While this may be true under section 265 * of the Act (Ill. Rev.

---

* When no letters are issued in this State upon the estate of a non-resident decedent or ward, an executor, administrator, guardian, or conservator to whom letters are issued on the estate by a court of competent jurisdiction of any other state, territory or country may sue in this State in any case in which a resident executor, administrator, guardian or conservator may sue. The court in which the suit is filed may order the non-resident executor, administrator, guardian, or conservator to give a bond for costs as in cases of other non-residents. If after the proceedings are commenced letters are issued on the estate in this State, upon motion the resident executor, administrator, guardian, or conservator shall be substituted for the non-resident executor, administrator, guardian, or conservator and the court shall hear and determine the matter as if originally instituted by the resident executor, administrator, guardian, or conservator and the benefits of the judgment shall enure to and be assets in his hands.

Stat. 1969, ch. 3, par. 265), we do not consider this to be the exclusive route available to the estate. The very language of the section would appear to indicate the contrary to be true.

The order of the Circuit Court is affirmed.

Order affirmed.

LORENZ, P. J., and DRUCKER, J., concur.