## Sousa Estate

*Marlyn F. Smith,* for accountant.
*Bradley Taylor,* for judgment creditor.
*Joseph L. Romano,* for disclaimant.
*Norman M. Wilson, Jr.,* for legatees.

TAXIS, *J.,* June 4, 1980—

• • •

At the time of audit, the court was asked to pass upon the validity of a disclaimer of a residuary share of the estate filed by the son of decedent, Joseph F. Sousa.

Decedent died on February 28, 1979, leaving a will dated June 26, 1959. After the payment of taxes, debts, and funeral expenses, decedent bequeathed one-third of his estate to his son, Joseph F. Sousa (Joseph), which is the share subject to contest; one-third to his step-son, George H. Goodman; and one-third to his brother, Joseph Sousa. Decedent provided that "[s]hould any of the above-named beneficiaries predecease me leaving issue surviving, the issue shall take its deceased parent's share" and made further provision in the event of default of issue not here relevant.

The facts underlying the contest over Joseph's share are as follows: Beginning in December, 1966, Joseph was put under court order for the support of his four children at the instance of his wife, Margaret C. Sousa (Margaret). There followed a lengthy history of Joseph's failure to pay support and consequent court appearances or failure to appear. On April 20, 1979 the domestic relations officer of the county filed an affidavit of default of Joseph for arrearages in the amount of $41,025.

Thereafter, on May 1, 1979 judgment on the arrearages was entered against Joseph in the prothonotary's office in this county. On May 4, 1979 a writ of execution was served upon the accountant, garnishing Joseph's interest in this estate. His interest is approximately $27,000. Counsel for the accountant acknowledged receipt of the attachment of Joseph's interest on May 29, 1979.

Eleven months after attachment and four days before audit, to wit, on April 3, 1980, Joseph filed his disclaimer of his interest in the estate. On April 7, 1980, when the estate was called for audit, Margaret filed her claim to Joseph's share based on the judgment entered because of arrearages in support.

Is Joseph's disclaimer legally valid superceding Margaret's attachment? Joseph relies on sections 6201-6205(a) of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§6201-6205. Section 6201 thereof provides in relevant part as follows:

"A person to whom an interest in property would have devolved by whatever means, including a beneficiary under a will, . . . may disclaim it in whole or in part by a written disclaimer which shall: (1) describe the interest disclaimed, (2) declare the disclaimer and extent thereof, and (3) be signed by the disclaimant. The right to disclaim shall exist notwithstanding any limitation on the interest in the nature of a spendthrift provision or similar restriction." Section 6205(a) describes the effect of the disclaimer as follows: "(a) In general.—*A disclaimer relates back for all purposes to the date of the death of the decedent* or the effective date of the inter vivos transfer as the case may be. The disclaimer shall be binding upon the

disclaimant and all persons claiming through or under him." (Emphasis supplied.)

Counsel for Joseph argues that the attachment is ineffective here because the disclaimer relates back to the date of death of decedent thus ostensibly defeating the attachment. It has been generally held that a devisee or legatee may disclaim his interest despite the existence of creditors. See Hoecker v. United Bank of Boulder, 476 F. 2d 838 (10th Cir. 1973), aff'g 334 F. Supp. 1080 (D. Colo. 1971) (bankruptcy); Hansen Estate, 109 Ill. App. 2d 283, 248 N.E. 2d 709 (1969).

In the present case the son, Joseph, took no affirmative action in any way toward claiming or accepting the gift involved prior to his disclaimer. Section 6206(a)(5) in part provides: "To constitute a bar to a disclaimer, a prior acceptance must be affirmatively proved. The mere lapse of time, with or without knowledge of the interest on the part of the disclaimant, shall not constitute an acceptance." The court concludes on this record that Joseph did not accept the gift.

Under section 6205(b) the valid disclaimer of Joseph is the equivalent of his predeceasing the testator and in such circumstances the will provides that Joseph's one-third share descends to his four children equally.

Thus, in this case the four children will take their father's share as beneficiaries under the will rather than as judgment creditors under the support order. The wife, armed with this judgment, is free to execute on other assets of Joseph in satisfaction of this judgment. The shares taken by the children are not in any way to be considered payment on account of their claims for support. The court directs the

accountant to place the distribution of any minor child in a savings account or savings certificate bearing the notation that such account or certificate is not to be released until the minor child attains his majority or upon further order of court.

The case points up what appears to be an area of the law which should be reconsidered to provide some relief to a mother who has been unable to receive support payments for her children. It is clear from this record that Joseph Sousa played "fast and loose" with this non-support decree. The mere fact that he is in arrears in the sum of $41,025 is mute evidence of this. The ruling made by this court today upholds the validity of such a disclaimer but the equities call for a contrary result. The disclaimer statute clearly demands the present result.

Counsel for the disclaimant cites the concurring opinion of Justice Larsen in Clark Estate, _____ Pa. _____, 410 A. 2d 796 (1980), for the proposition that Joseph's disclaimer defeats the attachment execution filed by Margaret Sousa. Counsel's reliance on the concurring opinion of Justice Larsen is misplaced. The majority opinion does not consider the application of the disclaimer statute. Although Justice Larsen concurred in the majority's decision to remand for an evidentiary hearing, it would have been for the purpose of ascertaining whether the release (disclaimer) of Clark violated the Uniform Fraudulent Conveyance Act.

The court did not consider the effect of the Uniform Fraudulent Conveyance Act upon this disclaimer. On the record as presented to the court, there is no evidence of insolvency and the parties did not request a hearing on the issue.

The court finds that the disclaimer of Joseph F. Sousa is valid and that, therefore, his share is awarded to his four children in equal shares.

•  •  •

## ORDER

And now, June 4, 1980, this adjudication is confirmed nisi.