*In re* ESTATE OF FRANK F. ZORN, Deceased—(Clair Zorn *et al.*, Petitioners-Appellants, *v.* Gladys Zorn, Ex'r of the Estate of Frank F. Zorn, Deceased, Respondent-Appellee).

Fourth District No. 4—83—0186

Opinion filed October 24, 1983.

John E. Cunningham, of Chicago, for appellants.

John A. Taylor, of Johnson & Taylor, of Pontiac, for appellee.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

The petitioners appeal from an order of the circuit court of Livingston County which granted the executor's motion to strike the petitioner's motion to dismiss issuance of letters testamentary. The petitioners argue on appeal that the circuit court lacked jurisdiction to issue the letters and, in the alternative, that the executor is attempting to perpetrate a subterfuge upon the court. We affirm.

The decedent, prior to his death, had been the owner of farm property in Livingston County, Illinois. On August 12, 1980, a purported deed to this property was recorded in Livingston County by which a remainder interest in the property was conveyed to his children, petitioners herein. The decedent retained a life estate. Soon afterwards in 1980 the decedent and his wife (the executor herein) filed a complaint in the circuit court of Livingston County asking the court to set aside the deed because it had been procured through undue influence or fraud. The defendants in that case are petitioners in the present case. At the time of the entry of the order in this case, the suit to set aside the deed had not yet come to judgment.

On October 13, 1982, the executor, widow of the decedent, filed a petition in the circuit court of Livingston County for probate of decedent's will and the issuance of letters testamentary. She had been nominated as executor in the will and was serving as executor in Indiana where she and the decedent had been domiciled. In the petition she listed the farm real estate and its income as decedent's only estate in Livingston County, Illinois. On December 7, 1982, the widow submitted an inventory to the court of the decedent's estate in Livingston County. This inventory listed the real estate in question and included as part of the personal estate the interest in the litigation to set aside the deed to this real estate and an interest in growing crops on the real estate. On December 27, 1982, the court issued an order admitting the will to probate and appointing the widow as executor.

The petitioners then moved to dismiss the issuance of letters alleging that since there was no property in Illinois, the court lacked

jurisdiction to issue the letters testamentary. The executor moved to strike the petitioners' motion. On February 7, 1983, the circuit court granted the executor's motion, specifically finding that the ongoing litigation over the Livingston County real estate was a sufficient basis on which to admit the will to probate in that county. Petitioners filed a timely notice of appeal.

■■ ■ All parties in this litigation characterize the interest of the decedent's estate in the suit to set aside the deed as a chose in action. The petitioners argue flatly that this interest does not constitute any kind of an "estate" in Illinois and that therefore there is no purpose for an Illinois court to issue letters testamentary. However, section 5—2 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 5—2) expressly includes a chose in action as part of an estate in Illinois. It reads:

> "For the purpose of granting administration of both testate and intestate estates of nonresident decedents or estates of nonresident missing persons, the situs of tangible personal estate is where it is located and the situs of intangible personal estate is where the instrument evidencing a share, interest, debt, obligation, stock or chose in action is located or where the debtor resides if there is no instrument evidencing the share, interest, debt, obligation, stock or chose in action in this State."

Furthermore, Illinois courts have recognized that a cause of action, though presently of undetermined value, may constitute an asset of an estate. (*In re Estate of Hoffman* (1972), 6 Ill. App. 3d 438, 286 N.E.2d 103; *Parish v. Parish* (1963), 29 Ill. 2d 141, 193 N.E.2d 761; 19 Ill. L. & Prac. *Executors and Administrators* sec. 76 (1956).) Therefore, the interest of the estate in litigation concerning the Livingston County farm land is an asset of the estate. Any asset located in Illinois is sufficient to confer jurisdiction upon our courts to admit a will to probate and to issue letters testamentary. The circuit court did not err in doing so here.

The petitioners argue in the alternative that the executor is attempting to perpetrate a subterfuge on the court. They argue that the executor, once appointed, plans to renounce the will and her executorship. The court below did not consider this argument. While it should be noted that an executor is allowed to renounce a will in Illinois (*In re Estate of Donovan* (1951), 409 Ill. 195, 98 N.E.2d 757), any argument to that effect now is premature.

For the foregoing reasons the judgment of the circuit court of Livingston County is affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.